## Case No. 6,023.

### In re HANIBEL et al.

[15 N. B. R. 233; 9 Chi. Leg. News, 165; 15 Alb. Law J. 271; 24 Pittsb. Leg. J. 152.] [1]

District Court, D. Colorado. Jan., 1877.

BANKRUPTCY—PETITION—CHARGES IN — VERIFICATION BY AGENT OF CORPORATION—SUPPLEMENTAL PROOFS.

1. A charge in the alternative, in an involuntary petition, that the debtor is insolvent or in contemplation of bankruptcy at the time of the alleged fraudulent preference, is not sufficient.

2. A petition filed by a corporation may be verified by an agent, who need not be an officer of such corporation; but the authority of such agent to act for the corporation must be set forth in the affidavit or otherwise established; it is not sufficient that it be stated by way of recital following deponent's name.

3. Where the affidavits to the petition or the depositions as to indebtedness and acts of bankruptcy are insufficient, the court has power to allow supplemental affidavits or proofs to be filed.

[Cited in Re Donnelly, 5 Fed. 787.]

[In bankruptcy. In the matter of John R. Hanibel and others.]

The petition was filed by the Laflin & Rand Powder Company, which was described as a corporation organized under the laws of the state of New York. Whether this was sufficient to show that petitioner resided in that state, was made a subject of discussion. The defect complained of in the petition is sufficiently stated in the opinion. The part of the affidavit to the petition which is referred to in the opinion is as follows: "Thomas D. Sears, the duly authorized agent of the Laflin & Rand Powder Company, the petitioners above named, for it and in its behalf, to institute these proceedings and sign the above petition, being personally familiar with the facts above set forth, hereby makes solemn oath," etc. One of the depositions in proof of debt was attested by the clerk of the court, who is also a commissioner of the circuit court, but had not signed the deposition as commissioner. Other depositions as to acts of bankruptcy were defective, as stated in the opinion.

W. S. Rockwell, for petitioner.

Blake & Jacobson, with Morrison & White, and Post & Coulter, for respondents.

HALLETT, District Judge. This is an involuntary petition, in which an order was entered to show cause before the register. On the return day, respondents moved to vacate the order and dismiss the petition on several grounds, some of which were held

to be good, and others were overruled. This decision, so far as it is adverse to respondents, is presented for review by certificate from the register, and with it there is another question, touching the right of the petitioner to amend the depositions accompanying the petition, which has been adjourned into court for decision. Referring first to the petition, three acts of bankruptcy are charged, the second of which is that respondents, on a certain day, "being insolvent or in contemplation of bankruptcy," made a conveyance with intent to give a preference, and to defeat and delay the operation of the bankrupt act [of 1867 (14 Stat. 517)]. Objection is made to this allegation on the ground that the condition of respondents at the date specified is not definitely described as whether they were insolvent or in contemplation of bankruptcy. And this objection must be upheld, unless it appear that these phrases are so nearly allied that they may be taken together as describing the status of respondents. In attachment cases it is said that acts which are so closely connected that it is difficult to distinguish the one from the other, as that a debtor has departed, or is about to depart, from the state, may be described in the manner adopted by the petitioner. Drake, Attachm. § 102. Within this rule it may be correct to charge that the debtor is "insolvent, or in contemplation of insolvency," in the language of the statute, and the rule is so laid down in Bump's Bankruptcy (8th Ed.) 36. But that phrase is not synonymous with that which was used in the petition, for bankruptcy is a legal status determined by judicial decree, which is clearly distinguishable from insolvency. In re Black [Case No. 1,457]. Therefore, to say that one is "insolvent" is not the same as saying that he "contemplates bankruptcy," and the rule referred to cannot be invoked to support the allegation. The charge in the alternative that respondents were insolvent or in contemplation of bankruptcy, is not sufficient. as it is impossible to say which is to be relied on.

It is also urged that the petition is not properly verified. because it does not appear in the accompanying affidavit that petitioner is a foreign corporation, or that deponent was authorized by petitioner to testify in its behalf, or that he is an officer of the corporation. As to the first point—the legal residence of the corporation—it was said in argument that, by the amendment to the bankrupt act of June 22, 1874 [18 Stat. 178], the first five signers to the petition must make oath to it in person unless they reside without the district, and, as there is but one petitioner here, it must show its residence before the oath of an agent can be received. When applied to natural persons the argument is undoubtedly correct, but when applied to a corporation it is without force; for a corporation can never make oath to a petition except through and by means of its authorized agent. The right of a corporation to file a petition in bankruptcy is not de-

nied, and, whether it be a resident of the district or not, it must proceed in the same manner. In either case it cannot verify the petition by its own oath, for it is incapable of making oath. Inquiry as to the residence of petitioner is, therefore, without merit; for as we cannot deny its right to the privileges of the act, we must allow it to come into court in the only way in which it can act. Certainly if we should ascertain that the corporation has a residence within the district, we would not deny its right to appear in court, because being invisible and intangible, it cannot go before the proper officer and make oath to the petition. In all these matters where a personal act is required of a corporation, the law accommodates itself to the necessities of its offspring, and allows it to go on in the way that is possible to it. Commercial Ins. Co. v. Mehlman, 48 Ill. 313. I conclude, therefore, that upon a petition filed by a corporation, a verification by an agent is sufficient under all circumstances, and I think that it is equally clear that such agent need not be an officer of the corporation. It is true that proof of a claim against a bankrupt's estate can only be made on behalf of a corporation by its president, cashier, or treasurer, but no reason is perceived for extending the rule beyond the language of the statute. Corporations often do business at a great distance from the residence of their officers, and the remedy given by the bankrupt act may be quite as important to them in such place as at the place where the officers reside. Great inconvenience and loss would often arise from the necessity of sending to a great distance to procure the signature and oath of a principal officer to a petition or other paper, and there is really nothing to be gained by requiring it. The oath of an officer may give greater certainty as to the nature and amount of the claim which shall be finally allowed against the bankrupt's estate, but for commencing proceedings the oath of any other agent of the corporation would seem to be equally satisfactory. The authority of the agent to act for the corporation is without doubt material, and should be set forth in the affidavit, or otherwise established. In this particular the affidavit attached to the petition is defective, for although it is stated, by way of recital following deponent's name, that he is petitioner's agent, there is no averment of the fact. Deponent has sworn to those matters only which follow the declaration of his oath, and all that precedes is mere descriptio personae, not in any way verified or proved. Payne v. Young, 8 N. Y. 158; Phillips v. Prentice, 2 Hare, 542.

Passing from the petition to the proof filed with it, it is claimed that the affidavit of Sears is not sufficient to show an act of bank-ruptcy in respect to the time when the transfer to Cushman was made. As to the real estate, the date of the conveyance is specified, but as to the personal property no date is given. It is indeed stated that the personal property was owned by respondents prior to October 28, 1876, which, it is contended, should be accepted as an averment that it was owned by them up to and upon that day. But this construction does not accord with the meaning of the words, which may relate to a time long before the filing of the petition, and beyond the limitation of the statute. In other respects the affidavit seems to be sufficient to prove at least one of the acts charged in the petition. The affidavit of Woolfolk, failing to describe with certainty the commercial paper of which payment was suspended, is admitted to be defective, and we have now to consider whether these defects may be remedied by amendment. The right to file amended or supplemental proofs is denied in one court (May v. Harper [Case No. 9,333]), and I do not know that it is distinctly affirmed anywhere. But it has been held that the whole proceeding is founded on the petition by which the court gets jurisdiction, and such appears to be the language of the act. In re Simmons [Id. 12,864]. It has always been held that the petition may be amended, and this seems to carry with it the right to verify the amendments by the petitioner's oath, and also to file supplemental proofs in support of the amended petition. Of course the right to amend the petition is not without limits, for the cases must be rare in which a new ground of indebtedness, or a new act of bankruptcy, may be brought into the record in that way. But, conceding all that may be claimed in that direction, it must be apparent that, upon almost any amendment of a petition, it will become necessary to put in a new oath verifying the facts alleged, and in very many cases it will be necessary to add to the proofs on file. From the settled rule that a petition may be amended, therefore, we may deduce the right to change or add to auxiliary proofs, so that they may support the petition in its new form, and the right to supplement the proofs, when conceded, must be allowed in the discretion of the court, which will be so exercised as to give the petitioner the benefit of the law, and at the same time guard against deceit and fraud. Within this reasonable rule defects in the petition and depositions filed with it, touching the petitioners' demand and the acts of bankruptcy charged, obviously arising from mistake or inadvertence, may be cured. The relief here asked is of that character, and it will be granted on payment of costs to the present time. The order to show cause, having been improvidently issued upon insufficient evidence, will be set aside.