In re TAYLOR.

MATTOON NAT. BANK OF MATTOON, ILL., v. FIRST NAT. BANK OF MATTOON, ILL., et al.

(Circuit Court of Appeals, Seventh Circuit. June 21, 1900.)

No. 664.

1. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—ANSWER—PROOF OF INSOLVENCY.
　　Where, to a petition in proceedings in involuntary bankruptcy, a creditor answers, alleging that the alleged bankrupt is not insolvent, and the case is submitted on the pleadings, the allegations of the answer must be taken as true, and an adjudication of bankruptcy upon the pleadings is error.

2. SAME—PETITION—OCCUPATION OF DEBTOR.
　　Under Bankr. Act 1898, § 4, providing that any natural person, except a wage earner or a person engaged chiefly in farming, may be adjudged an involuntary bankrupt, a petition in involuntary bankruptcy which does not show the business of defendant, or that he does not come within the excepted classes, is subject to demurrer on such ground.

3. SAME—ANSWER—OCCUPATION OF DEBTOR.
　　Under Bankr. Act 1898, § 59f, providing that a creditor may file an answer and be heard in opposition to the prayer of the petition, an answer by a creditor to a petition in involuntary bankruptcy that the alleged debtor is "engaged chiefly in farming or the tillage of the soil" sets up a good defense.

4. SAME—DEFAULT OF DEFENDANT—EFFECT.
　　The default of defendant to a petition in involuntary bankruptcy, through failure to appear, does not convert the proceeding into one of voluntary bankruptcy.

Appeal from the District Court of the United States for the Southern District of Illinois.

On the 23d day of October, 1899, the appellees filed in the district court of the United States for the Southern district of Illinois their petition to have Jerome L. Taylor declared an involuntary bankrupt. On the same day there was issued out of the clerk's office an order, directed to Taylor, to show cause why the prayer of said petition should not be granted. There was also issued at the time a subpœna, made returnable on the 31st day of October, 1899. On the 24th day of October the subpœna was served by the United States marshal, by reading and delivering a copy of the same, together with a copy of the petition, to Rosa Taylor, the wife of Jerome L. Taylor, at his usual place of abode. On the 26th day of October the appellees filed an amended petition, stating that the appellees are creditors of Taylor, having provable claims amounting in the aggregate, in excess of securities held by them, to the sum of $500, and that Taylor is insolvent, and that within four months next preceding the date of the petition Taylor committed an act of bankruptcy, in that he suffered certain judgments to be taken against him on the 6th day of October, 1899, by the appellant, upon which judgments the appellant caused executions to be issued and placed in the hands of the sheriff of Coles county. On the 31st day of October the appellant filed its answer to the first amended petition; setting up therein, among other things, that Taylor was a person engaged chiefly in farming or tillage of the soil. To this answer on the 28th day of November, 1899, the appellees filed exceptions, among which was that the appellant cannot set up in defense that Taylor was chiefly engaged in farming and the tillage of the soil. On the 28th day of November the court sustained the exceptions to that portion of the answer of the appellant which alleges that Taylor was engaged chiefly in farming and the tillage of the soil, to which ruling of the court appellant excepted. On January 22, 1900, a second amended petition was filed, in substance similar to the first, with some variations which need not be noted here. To this the appellant filed a special de-

murrer alleging, among other things, that the same did not negative the fact that the defendant was a person engaged chiefly in farming and the tillage of the soil, and so within the terms and purview of the statute providing for involuntary bankruptcy. This demurrer, after argument, the court overruled; holding that such a plea was a special privilege, which no one but the bankrupt could plead or take advantage of, to which ruling the appellant excepted. On the same day the appellant filed its answer to the second amended petition, and therein alleged that Taylor was a person engaged chiefly in farming and the tillage of the soil, and cannot be declared an involuntary bankrupt, and, further answering, denied that Taylor is, or was at the time of the filing of the petition, the filing of the original petition, or the first amended petition, or the second amended petition, or at the time said judgments in favor of the appellant were obtained, at the time the executions were issued, at the time the sheriff had set for the sale, or at any time between the said times, insolvent, as defined in the bankruptcy act. Default was then taken on the second amended petition as to Taylor, to which entering of default the appellant excepted. Thereupon the cause was submitted on the pleadings, and, the cause being so submitted and heard by the court, the appellees made motion to have the court, upon the pleadings, adjudge Taylor an involuntary bankrupt, and he was so adjudged, to which ruling and order of the court sustaining said motion and entering such order of adjudication the appellant excepted, and was allowed its bill of exceptions, which was thereupon signed and sealed by the court.

Edward C. Craig, for appellant.

I. B. Craig and James Vause, Jr., for appellees.

Before WOODS and GROSSCUP, Circuit Judges, and BUNN, District Judge.

BUNN, District Judge, upon the above statement of facts, delivered the opinion of the court.

There are two reasons why we think it was error to adjudge Taylor to be a bankrupt in an involuntary proceeding against him, upon the pleadings, without further issue being joined and proofs taken: One is that the answer avers that Taylor was not insolvent, as is required by the bankrupt law, and the other that the court overruled the special demurrer to the petition, and because the fact was afterwards set up in the answer that he was a person engaged chiefly in farming and in the tillage of the soil, which allegations in the answer, if no exception to them had been sustained, on a submission of the case upon the pleadings, without evidence taken, should have been taken as true. The case was chiefly argued and submitted upon the latter question, and that is the only one, therefore, which we care to consider. We think the court erred in holding that the alleged bankrupt being a farmer, and therefore not coming within the provisions of the law governing involuntary bankruptcy, was a personal privilege, which could only be set up by the bankrupt in person. The question was jurisdictional, rather than personal. The law (Bankr. Act 1898, § 4) provides that any natural person, except a wage earner or a person engaged chiefly in farming or the tillage of the soil, may be adjudged an involuntary bankrupt upon default or an impartial trial. The alleged bankrupt did not appear or answer, but the appellant, who had obtained a lien upon this property, appeared and set up the fact in an answer. There was nothing in the petition to bring the alleged bankrupt within the terms of the statute. It did not allege what the

defendant's business or occupation was, and there was no allegation to show that he did not come within the excepted classes, which, under the law, are too important to be wholly ignored. Farmers and wage earners constitute a large majority of the people. These are excepted from that portion of the clause relating to involuntary bankruptcy, and the petition should either have shown what the business of the defendant was, or that he did not come within the excepted classes. The answer set up this fact, the allegations of which when the case was submitted on the pleadings, without proofs taken, must and would have been taken as true, had not the court sustained the exceptions of the petitioners to the appellant's answer. The answer was a good and valid answer to the petition, and the exceptions to it should not have been sustained by the court. The statute (subchapter 6, § 59f) expressly provides that creditors other than the original petitioners may file an answer and be heard in opposition to the prayer of the petition. If they can appear in the case and file an answer, then it follows that they can set up any facts which go to defeat the proceeding. If the answer made by the appellant was true, then it was not a case for involuntary bankruptcy, and should have been dismissed. If Taylor was simply a farmer, or chiefly a farmer, and engaged in the tilling of the soil, there was no authority or jurisdiction under the law to force him into bankruptcy. The appellant might gain a rightful preference by obtaining judgments, as it did, and issuing executions, which, in the hands of the sheriff, became a lien upon the defendant's property. This being the case, and the appellant being the real party in interest, it would be very strange if it could not set up the only plea which could avail to protect its property rights so legally acquired. If the facts alleged in the answer were true, it had a vested right, which could not be taken away by the default of the defendant in the bankruptcy proceeding to appear and answer, nor without due process of law and a hearing in court. These the appellant has not had. If the petitioning creditors wished to contest the question raised by the answer, there should have been a replication put in, denying the allegations, and a trial had before an adjudication was made. Simpson v. Ready, 12 Mees. & W. 740; Vavasour v. Ormrod, 6 Barn. & C. 430; Potter, Dwar. St. 119; Grant Co. v. Dawson, 151 U. S. 586, 14 Sup. Ct. 458, 38 L. Ed. 279; Carriage Co. v. Stengel, 2 Am. Bankr. R. 383, 37 C. C. A. 210, 95 Fed. 637; Sturges v. Crowninshield, 4 Wheat. 122, 4 L. Ed. 529; Geo. M. West Co. v. Lea Bros. & Co., 2 Am. Bankr. R. 463, 19 Sup. Ct. 836, 43 L. Ed. 1098.

There was a suggestion made on the argument that the defendant's not appearing made the case one of voluntary bankruptcy. But the two proceedings are quite distinct, under the law, and cannot be confounded in such a way. The statute provides just what the proceedings shall be in each class of cases. To become a voluntary bankrupt, the proposed bankrupt must file his personal petition in writing to become such, accompanied by schedules of his debts and assets. Involuntary bankruptcy is a proceeding by the creditors adverse to the bankrupt. By making default in such a proceeding, the defendant does not become a petitioner in his own behalf, under the clauses

for voluntary bankruptcy, and he cannot by making default affect interests in property attaching before the proceedings in bankruptcy are begun. The judgment of the district court is reversed, and the cause remanded for further proceedings according to law.