### In re C. MOENCH & SONS CO.

#### (District Court, W. D. New York. June 16, 1903.)

#### No. 1,412.

1. BANKRUPTCY—RIGHT TO RESIST INVOLUNTARY ADJUDICATION—ATTACHING CREDITOR.

Under Bankr. Act 1898, § 59f, Act July 1, 1898, 30 Stat. 560, c. 541 [U. S. Comp. St. 1901, p. 3443], an attaching creditor may file an answer and contest a petition to have his debtor adjudged an involuntary bankrupt, without surrendering his attachment, whether or not his debt is one provable in bankruptcy. Section 1, subd. 9, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419], defining the term "creditor" as including any one having a provable claim, should not be so construed as to preclude one who by his answer shows an actual interest in the matter from being heard in opposition to the adjudication.

In Bankruptcy. On question certified by referee as commissioner.

Shire & Jellinek, for petitioning creditors.
Romer & Harrington, for Eliot National Bank.

HAZEL, District Judge. This is an involuntary proceeding in bankruptcy. The issues raised by the answer of the Eliot National Bank were referred to a referee as commissioner to ascertain and report the facts, together with his conclusions thereon. The commissioner filed a special report stating that on the opening of the hearing before him the petitioning creditors, by their counsel, raised the preliminary objection that the Eliot National Bank was a preferred creditor, and, having no provable claim, could not resist the adjudication. Testimony was thereupon taken, notwithstanding the objection of respondent, tending to show that the Eliot National Bank was an attaching creditor of the bankrupt. The commissioner, without deciding the preliminary objection, certified the same to this court.

The conclusion reached renders it unnecessary to decide the point that the commissioner erred in receiving incompetent testimony as to the nature of respondent's claim. The preliminary objection will be considered from the standpoint of an admission that the bank has a preferential lien or attachment upon property of the alleged bankrupt. On the presentment of the question certified by the commissioner to this court, it was for the first time insisted by counsel for the petitioning creditors that the Eliot National Bank had, prior to filing the petition to have C. Moench & Sons Co. adjudicated bankrupt, instituted and prosecuted an action, which is now pending

123 F.—62

in the state court of Massachusetts, founded upon the deceit and fraud of the bankrupt, and therefore any claim or debt owing by the bankrupt arising therefrom is still unliquidated, and cannot, because of section 63 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447]), be allowed against the bankrupt estate until after proper liquidation. The petitioners claim that the institution of this action in tort operated as an election of remedies. The questions raised will be considered as equivalent to motions to strike out the answer of the Eliot National Bank.

1. The preliminary objection taken before the commissioner, that the respondent is not entitled to enter an appearance and answer contesting the bankruptcy of C. Moench & Sons Co., is unsound. The objection to the jurisdiction of the court was urged upon the theory that the respondent and attaching creditor is not a creditor having a provable debt within the definition of section 1, subd. 9, of the bankruptcy act, and that, having prosecuted and secured an attachment or lien upon certain property of the bankrupt, a preference was obtained which, not being surrendered, precludes the objecting creditor from resisting the adjudication. Section 59f of the act, in unambiguous language, vests in a creditor the right to appear and plead in opposition to a petition to have a person adjudged bankrupt. The act is silent as to whether a claim or debt upon which an appearance in opposition to the petition is based shall be a provable one. Whether a creditor who resists the adjudication has a provable debt is not determined in limine. Neither does the provision of the bankruptcy act, limiting to creditors having provable claims the right to file a petition to have a person adjudged an involuntary bankrupt, have application here. There is no analogy in the doctrine enunciated in Re Burlington Malting Co. (D. C.) 109 Fed. 777, and followed by this court in Re Schenkein (D. C.) 113 Fed. 421; for in those cases it was held that an attaching creditor obtained a preference which gave an advantage over the general creditors, and therefore could not, without surrendering his preference or attachment, file a petition to have a person adjudged bankrupt, such a preferred creditor not having a provable claim to sustain his petition. There the maxim of "he who seeks equity must do equity" was applied. The question here is whether an attaching creditor may resist an involuntary petition without surrendering his attachment. In my opinion, section 1, subd. 9, wherein the term "creditor" is defined as one who owns a demand or claim provable in bankruptcy, should not be so broadly construed as to preclude a creditor from resisting an adjudication where his claim may not be strictly regarded as provable. The answering creditor here asserts the obligation of the bankrupt. It has not invoked a remedy from a bankruptcy court. It simply asserts rights secured to it by an independent tribunal. Those rights are sought to be wrested from it pursuant to a statute in derogation of his general common-law rights, and cannot be wiped away without a hearing. The opposing creditor by its verified answer alleges fraudulent collusion between the petitioning creditors and the bankrupt. Upon these facts, shall the contesting creditor be deprived of admission to this court to resist adjudication, merely because of the attachment

or preference concededly obtained prior to filing the petition in bankruptcy? Must the resisting creditor dissolve the attachment and security obtained by it before permission is accorded by the bankruptcy act to establish the issues raised by the answer? Under the bankruptcy act of 1867 (Act March 2, 1867, c. 176, 15 Stat. 517) it was frequently held that an attaching creditor could resist the adjudication. In re Bergeron, Fed. Cas. No. 1,342; In re Mendelsohn, Fed. Cas. No. 9,420; In re Hatje, Fed. Cas. No. 6,215. The interest of the Eliot National Bank in a pending bankruptcy proceeding is clearly apparent from the verified answer. In the absence of any express statutory prohibition, the issues raised establish per se, not strictly a provable claim, but such rights as entitle the creditor to the protection of this court. A similar question was considered under the former bankruptcy act in Re Boston, H. & E. R. Co., Fed. Cas. No. 1,677, and the language of the court may with propriety be repeated here:

"It is true that no one is entitled to be heard therein who has no interest to protect; but it seems to me that, if the applicant does in fact show that he is a creditor and has an interest to protect, it is not in accordance with the spirit of the proceeding to compel him first to file that formal proof of his debt which would import a recognition of the jurisdiction of the court over the question of adjudication, and the administration of the assets, which, by his application, he seeks to contest. It is also true that, to justify such intervention, the object or purpose disclosed must be one which in a legal sense is meritorious and not purely officious."

2. Counsel for petitioning creditors asserts that the Eliot Bank, having sued in fraud, must liquidate its damages before having a claim which may be asserted here. No contract has been rescinded. The choice of remedies here is not final or exclusive. I am unable to see why, notwithstanding such action, the Eliot National Bank may not still rely upon its notes as evidences of indebtedness which are sufficient to give it standing as a creditor for the purpose of defending an involuntary proceeding. Bowen v. Mandeville, 95 N. Y. 237; Crossman v. The Universal Rubber Co., 127 N. Y. 34, 27 N. E. 400, 13 L. R. A. 91. In view, however, of what has been said regarding the right of a creditor in fact—one who has an interest to protect—to appear and defend, it would seem to serve no useful purpose to here decisively pass upon this point.

The motion to strike out the answer is denied. The bank, as a creditor in fact, may of right resist the petition to have C. Moench & Sons Co. adjudged bankrupt. So ordered.