### In re CALLISON.

(District Court, S. D. Florida. December 24, 1903.)

1. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—AVERMENT OF OCCUPATION.

A petition in involuntary bankruptcy should allege the occupation of the alleged bankrupt, showing him to be within the class subject to such proceeding.

2. SAME—WHO MAY MAINTAIN.

To entitle a creditor to maintain a petition in involuntary bankruptcy against his debtor, he must have been a creditor at the time the act of bankruptcy alleged was committed.

In Bankruptcy. Petition in involuntary bankruptcy by William J. Brake, administrator of the estate of Gerard H. Brake, deceased. On demurrer to petition.

For opinion of Circuit Court of Appeals affirming the judgment, see 129 Fed. 201.

The petition in this case alleges, in substance, the general jurisdictional facts, but omitting any allegation of the character of the business or occupation of N. A. Callison, the alleged bankrupt, and then further alleges that on the 29th day of May, 1903, the petitioner recovered a judgment at law against defendant for $6,000 damages, which judgment remains in full force and effect, unsatisfied and unreversed; that defendant is insolvent, and on the 16th day of May, 1903, prior to the recovery of such judgment, he conveyed certain property with the intent to hinder, delay, and defraud his creditors.

Bisbee & Bedell, for petitioner.

E. P. Axtell, C. D. Rinehart, and Jno. E. Hartridge, for respondent.

LOCKE, District Judge. There are two questions presented in the demurrer to this petition:

First, should not the petition negative the exceptions in the statute, so as to bring the party desired to be put into bankruptcy within the class of persons declared to be liable? It is a well-established principle in criminal pleading that all exceptions in the statute must be negatived in the allegations of the pleader. Ledbetter v. United States, 170 U. S. 606, 18 Sup. Ct. 774, 42 L. Ed. 1162. Although, in pleading, it has been held by some courts that, where the validity of the pleading in bankruptcy is permitted to pass until testimony has been taken, it is too late to raise such objection as is done here, in other cases it has been declared that it is a jurisdictional question, and, if raised by the defendant, cannot be ignored; in this respect following the requirements of criminal pleading. This has been distinctly held in In re Taylor, 102 Fed. 728, 42 C. C. A. 1, and in In re Bellah (D. C.) 116 Fed. 69. This construction seems to be the better form of pleading, regardless of the form given for the petition in involuntary cases. Form 3. It will be noticed that in the form for the petition in voluntary cases (form 1) the occupation of the petitioner must be alleged, and there is no reason why a person can be forced into bankruptcy with any less clear and distinct averment of his character and occupation than can one who desires himself to take advantage of the bankrupt act. I think the fairest construction is to consider the omission in form 3 described rather as a clerical error, than to say that the Supreme Court intended to declare or rule that it was not necessary in involuntary cases to declare the occupation of a person to be such as would make him liable to such proceeding.

The second question presented by the demurrer is that the petition shows that the indebtedness of the petitioning creditor was based upon a judgment recovered subsequent to the act of bankruptcy alleged. A literal application of the language of the act would give to any person having a provable debt the power to put a person into bankruptcy for an offense committed before there were any business relations existing between them, and thereby obtain the power of oppressive action by one party by procuring an indebtedness, when, in reality, he had in no way suffered from the act of the alleged bankrupt. The same form of language in the bankrupt act of England and in the act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517) has been carefully examined, and the construction put upon it has limited the rights of creditors to such as held debts at the date of the alleged act of bankruptcy. It was so held in In re Burk, Fed. Cas. No. 2,156; In re Muller, Fed. Cas. No. 9,912; Beers v. Hanlin (D. C.) 99 Fed. 695; In re Brinkmann (D. C.) 103 Fed. 65. This appears to be not only the conclusion of the courts upon well-considered cases, but a reasonable construction. It is unquestionably based upon the well-established principle that creditors cannot complain of a conveyance by the debtor made prior to the time they became debtors, unless such conveyance was made with the direct purpose of defeating their claim. As held in Horbach v. Hill, 112 U. S. 144, 5 Sup. Ct. 81, 28 L. Ed. 670, a creditor of a grantor of real estate, attacking the conveyance

as made to defraud creditors, should show affirmatively that he was a creditor of the grantor when the alleged fraudulent conveyance was made.

I fail to find anything in West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098, which in any way is opposed to this construction. There was but one question presented in that case, viz., whether, where a general assignment had been made, it was necessary to show the insolvency of the bankrupt, and to this point alone the court seemed to address itself. The question herein pending was in no way presented, nor, in my view, considered.

The fundamental object of the bankrupt act was not to correct abuses of fraudulent conveyances, but to equalize the distribution of assets, and the correction of fraudulent conveyances only comes in incidentally; and I accept the view that no creditor, not such at the time of the commission of an act of bankruptcy, can by himself petition one into bankruptcy.

It is therefore ordered that said demurrer be sustained upon the first, second, and third grounds thereof.