## IN THE MATTER OF I. LEVINGSTON.

### January 24, 1905.

*Partnerships as Petitioning Creditors:* Whether under the Bankruptcy Act, Section 1, division 19, defining partnerships as persons, partnerships may petition for adjudication in involuntary bankruptcy without stating the names of the partners,—*quaere?*

*Proof of Authority of Agent to Bring Proceedings:* The authority of an agent to act for his principal in petitioning for adjudication in in-

voluntary bankruptcy, is material and should be set forth in the affidavit or otherwise established.

*Agent.—Verification:*   An authorized agent is qualified to verify such a petition when his principals are at a distance and he is acquainted with the facts.

*Wage-earner; farmer, etc.:*   Averment in petition for involuntary bankruptcy that alleged bankrupt is not a wage-earner nor engaged chiefly in farming or the tillage of the soil, necessary unless the other averments sufficiently exclude the fact of such occupations.

In Bankruptcy.   Involuntary Proceedings:   Demurrer to Petition.

Magoon & Lightfoot, Attorneys for Petitioners.
A. S. Humphreys, Attorney for Respondent.

DOLE, J.   The petition in this case was demurred to on the grounds, first, that all of the petitioners but one were vaguely described as companies without anything to show whether they were corporations or otherwise.   Secondly, that if any of such companies were partnerships, the names of the partners should have been stated.   Third, that no legal capacity to sue is shown in regard to such companies as described.   Fourth, there being no certainty in regard to the legal appearance of any of the petitioners, except one, the rule that three creditors shall petition, if the creditors are twelve in number, leaves this petition inadequate under the rule.   Fifth, the petition is not properly verified because Mr. Cecil Brown, who alleges himself to be the attorney of the said companies, alleges no authority to subscribe and verify the petition in their behalf.   Sixth, the petition is defective in that it does not allege that the alleged bankrupt is not a person engaged chiefly in farming or the tillage of the soil.

I regret that I have not time to go very fully into these different questions.   In regard to the first and second points, I feel some doubt as to the application of the statute which says persons shall include corporations and partnerships.   The general rule is that a partnership or firm is not regarded as

a legal entity apart from its members, and that actions can only be brought by and against natural and artificial persons,—not including partnerships. Under the statute, however, I will overrule the demurrer on this point, with the remark that the petition should clearly describe companies as corporations or partnerships.

The third and fourth points go with the second and are overruled.

The fifth point I will allow.

"The authority of the agent to act for the corporation is, without doubt, material and should be set forth in the affidavit or otherwise established." *In re Hanibel, et al.,* 11 Fed. Cas. 431, 432. (No. 6,023).

The agent in this case, if he is authorized by his principals to bring this suit, would be qualified, I think, to verify the petition, his principals being at a distance and he, presumably, being acquainted with the facts.

"I think also the verification should have been by the petitioners, and not by the attorney. I am not prepared to hold that there could not be a case where the verification might not be made by the attorney, whenever the facts are within his knewledge and not within the knowledge of the petitioners, and the attorney is authorized by the petitioners to make it." *In re Cassius B. Nelson,* 1 Am. B. R. 63, 65.

As to the sixth point, in the case of *In re Bellah,* 116 Fed. Rep. 69, 78, the court said:

"It is an elementary rule that in proceeding on a statute the pleader must negative an exception in the enacting clause. In Ledbetter v. U. S., 170 U. S. 606, 611, 18 Sup. Ct. 774, 42 L. Ed. 1162, the court said: 'The general rule is that while 'the pleader is not bound to negative a proviso, he is bound to 'aver that the defendant is not within any of the exceptions 'contained in the enacting clause of the statute.' In accordance with this principle the petition is defective in omitting to aver that the defendant was not a wage-earner nor a person en-

gaged chiefly in farming or the tillage of the soil. *In re Taylor,* 42 C. C. A. 1, 102 Fed. 728. But this defect clearly can be corrected by amendment."

I will, however, overrule the demurrer on this point on the authority of the case of *In re Brett,* 130 Fed. Rep. 981, 984, in which the court said:

"Although the exception of the statute is not negatived in the petition now under consideration, in express words of negation, which is the form usually employed in common-law pleading, the averments concerning the debtor's residence and domicile, his principal place of business, and his owning and conducting a store and saloon, all in the city of Paterson, exclude the idea of his being a 'wage-earner' or 'a person engaged chiefly in farming,' and do sufficiently negative the exception."

The circumstances of the alleged bankrupt in the case at bar in relation to his business make the above case directly applicable.

I see no reason why the defects in the petition may not be cured by amendment.