RISE v. BORDNER.

(District Court, M. D. Pennsylvania. August 22, 1905.)

No. 467.

1. BANKRUPTCY—INVOLUNTARY PETITION—SUFFICIENCY.

An involuntary petition in bankruptcy against a natural person should allege his occupation, or that he is not a wage earner or engaged chiefly in farming.

2. SAME—PERSON ENGAGED CHIEFLY IN FARMING.

An alleged bankrupt, who owned two farms comprising 240 acres, which he cultivated himself, in part by his own labor, and from which he sold products amounting to $1,000 to $1,200 per year, and also conducted a small store, from which he realized a profit of $100 or less per year, was engaged chiefly in farming, that being the business of paramount importance to him, and under Bankr. Act July 1, 1898, c. 541, § 4, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], cannot be adjudged an involuntary bankrupt.

[Ed. Note.—What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank of Mattoon, Ill., 42 C. C. A. 4.]

In Bankruptcy. On involuntary petition, answer, and proofs.

W. C. Graeff, for petitioning creditor.

R. A. Zimmerman, for respondent.

ARCHBALD, District Judge. The depositions which have been taken are directed to whether or not the alleged bankrupt was a farmer, but it is a question whether that issue is properly raised by the pleadings. It is not stated in the petition what was his occupation, nor is it negatived that he was principally engaged in farming, one or the other of which was called for. In re Taylor, 4 Am. Bankr. Rep. 515, 102 Fed. 728, 42 C. C. A. 1; In re Bellah, 8 Am. Bankr. Rep. 310, 116 Fed. 69; In re Mero, 12 Am. Bankr. Rep. 171, 128 Fed. 630; In re Callison, 12 Am. Bankr. Rep. 344, 130 Fed. 987; In re Brett, 12 Am. Bankr. Rep. 492, 130 Fed. 981; In re Levingston, 13 Am. Bankr. Rep. 357. And the answer, on the other hand, expressly avers that he was a farmer, to which there is no replication. Under the ordinary rules of equity pleading this made the answer conclusive upon the subject, and, if the case had been set down for a hearing on petition and answer, it would have had to be dismissed. In re Taylor, 4 Am. Bankr. Rep. 515, 102 Fed. 728, 42 C. C. A. 1.

But, passing that by, the proofs that have been submitted lead to the same result. They show that in a small way the respondent may be said to have had several occupations. He had a store; he was agent for the sale of fertilizers; and he ran a farm. The question is in which business was he chiefly engaged. This is to be determined by which was of paramount importance to him, or on which he depended for a living (In re Mackey, 6 Am. Bankr. Rep. 577, 110 Fed. 355; In re Drake, 8 Am. Bankr. Rep. 137, 114 Fed. 229), about which there can be no serious question. No doubt at one time he had a store of considerable local importance; the election district being named after it. But that was many years ago, and the business had been so eaten into

by other stores which have started up about him at no great distance that what he was doing in that line, at the time these proceedings were instituted, was insignificant. It is true that he had a fair mercantile rating in Dun's and Bradstreet's Agencies, and that for the purposes of mercantile appraisement he made oath that his business for the previous year had amounted to $1,000, and the year before that to $1,200, But it is shown by his bills that this was an overestimate; his purchases of goods for the two years mentioned amounting to only a little over $700. From this, as he swears, his income was about $60 or $70 a year; and it is difficult to see how it could be more. In addition he sold $200 or $300 worth of fertilizers as agent for a phosphite company, which is included in the figures given to the mercantile appraisers; and the value of the stock in the store at the time the petition was filed would not exceed $200.

In contrast to this it is shown that the respondent had two farms, aggregating 240 acres, which he managed himself, employing but one man regularly besides his son; others being called in as occasion required. From this land he raised wheat, oats, corn, and hay, besides having a number of cows and selling milk; the total farm products being valued at from $1,000 to $1,200, out of which he realized about $600, and the sales of milk alone amounting to some $200 to $250. That it was upon the farm that he depended for a livelihood is evident; what is called his store being the merest excuse for one, and yielding him but a pittance. This, moreover, he gave over to the care of his wife during the seasons of the year when the farm demanded attention; and to the latter he devoted his time, participating directly in the farm work, notwithstanding his 70 odd years. Under the circumstances, there can be no question, as already stated, that this was his paramount, as it was his principal, occupation, both as regards the time given to it and its importance to himself and his family. He was thus, within the meaning of the act, chiefly engaged in farming and the tillage of the soil, and so not liable to be put into bankruptcy.

The petition is therefore dismissed, at the cost of the petitioning creditor.