## In re COHN et al.

(District Court, E. D. Pennsylvania. February 24, 1915.)

No. 5312.

1. BANKRUPTCY ⬤═89—INVOLUNTARY PROCEEDINGS—ANSWER TO PETITION—
SUFFICIENCY.

Where an involuntary petition in bankruptcy conformed to the statute with respect to the number of petitioning creditors, and the amounts of their claims, and alleged as the ground upon which an adjudication was prayed that the alleged bankrupts had acknowledged in writing their inability to pay their debts and their willingness to be adjudged bankrupts, an answer alleging that the proceedings were collusive, that the petition had been filed for the purpose of defrauding creditors, that the alleged bankrupts had been negotiating with their creditors for a settlement, and while they were admittedly insolvent had bought largely of new stock, and that the petitioning creditors would withdraw the proceedings when a settlement was effected, set forth no grounds for denying an adjudication, as it neither denied the salient facts set forth in the petition, nor showed cause against an adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 120–122; Dec. Dig. ⬤═89.]

2. BANKRUPTCY ⬤═89—INVOLUNTARY PROCEEDINGS—NECESSITY OF ANSWER TO
PREVENT ADJUDICATION.

When a petition in bankruptcy sets forth the necessary jurisdictional facts, and is in conformity with the statute, an adjudication must follow, unless an answer is interposed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 120–122; Dec. Dig. ⬤═89.]

3. BANKRUPTCY ⬤═89—INVOLUNTARY PROCEEDINGS—PERSONS ENTITLED TO
OPPOSE PETITION.

Creditors opposed to an adjudication in bankruptcy may file an answer to an involuntary petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 120–122; Dec. Dig. ⬤═89.]

4. BANKRUPTCY ⬤═95—INVOLUNTARY PROCEEDINGS—HEARING—CONCLUSIVE-
NESS OF ANSWER.

When a hearing is had upon an involuntary petition in bankruptcy and an answer thereto, the averments of the answer must be taken as true.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 132, 140, 145; Dec. Dig. ⬤═95.]

5. BANKRUPTCY ⬤═65—INVOLUNTARY PROCEEDINGS—DEFENSES.

Creditors of alleged bankrupts could not oppose an adjudication on the ground that the bankrupts were solvent, that they were preparing to conceal their assets, or that false claims of indebtedness would be made, as they were not harmed by the bankrupts' solvency, while the remedy for the other matters was the appointment of a receiver, who would unearth assets intended to be concealed, and the exaction of proof of all claims.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 54, 121; Dec. Dig. ⬤═65.]

In Bankruptcy. In the matter of Alexander B. Cohn and others, bankrupts. On hearing on the petition and answer. Adjudication ordered.

Alfred Aarons, of Philadelphia, Pa., for petitioning creditors.
George F. Deiser, of Philadelphia, Pa., for objecting creditors.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DICKINSON, District Judge. [1] This is an involuntary petition in bankruptcy. The petition conforms to the act of Congress with respect to the number of the petitioning creditors and the amount of the claims of each and all. The ground upon which the prayer for the adjudication proceeds is the acknowledgment in writing by the alleged bankrupts of their inability to pay their debts and their willingness to be adjudged bankrupts.

An answer has been filed by certain creditors. The answer is rested upon the general averment upon information and belief that the proceedings are "collusive," and that the petition has been filed "for the purpose of defrauding creditors of the alleged bankrupts." These general averments are followed by the more specific ones that for some weeks prior to the filing of the petition the alleged bankrupts had admitted their insolvency and were negotiating with their creditors for a settlement, and when admittedly insolvent, and at the very time the negotiations for a compromise settlement with their creditors were pending they had bought largely of new stock. A further averment is made, on the like basis of information and belief, that the petitioners will withdraw the proceedings when a settlement is effected. To these are added averments that some of the petitioning creditors have set forth the amounts of their claims at sums less than is really due them. The usual prayer for the dismissal of the proceeding follows.

[2-4] It must be obvious that, when a petition in bankruptcy sets forth the necessary jurisdictional facts and is in conformity with the provisions of the act of Congress, an adjudication must follow the petition unless an answer is interposed. It is clear that such answer may be filed by creditors, and that, when the hearing is had upon the petition and answer, the averments of the answer must be taken as true. It must likewise be conceded, however, that an answer is not an obstacle to the adjudication, unless it is so far responsive as to raise an issue of fact or of law, to be passed upon in some one of the modes provided in the practice in bankruptcy for the determination of such questions. The answer in this case is in no sense and in no respect responsive to the averments of the petition. There is no denial of the salient facts which the petition sets forth, and nothing set up by way of answer which can be called a showing of cause against the adjudication. It follows, therefore, that an adjudication must be ordered. These propositions are so clear that nothing need be added by way of their vindication.

The earnestness and zeal of counsel for the responding creditors does, however, call for a consideration of the cases to which our attention has been directed. As was to be confidently expected, we find nothing in these cases in conflict with the premises above cited. In point of fact the cases confirm and support the conclusions reached.

Mattoon Bank v. Bank, 102 Fed. 728, 42 C. C. A. 1, is authority for the two propositions that creditors may file an answer and that in a hearing upon petition and answer the averments of the answer must be taken as verity.

In re Moench & Sons Co. (D. C.) 123 Fed. 977, extends the answering right of a creditor to one whose claim will be avoided or affected

by the adjudication, although not having such a claim as itself is provable in the bankruptcy proceedings.

In re Duplex Radiator Co. (D. C.) 142 Fed. 906, might safely be relied upon as authority in favor of the adjudication and against the respondent creditors. It also rules two things. One is that an answer asserting the solvency of the alleged bankrupt is no answer at all to a petition which bases the adjudication, not upon the fact of insolvency, but upon the other fact of an admission in writing by the alleged bankrupt of his inability to pay his debts and his willingness to be adjudged a bankrupt. The other is that the fact that the petitioning creditors joined in and filed the petition at the request of the alleged bankrupt does not prevent the adjudication prayed for.

[5] Although the objections to the adjudication here do not very definitely or clearly appear, it is plain that the responding creditors are either not affected by the things of which they complain or they have mistaken their remedy. If the charge that the proceedings are collusive means that the alleged bankrupts are not in fact insolvent, this does no harm to the creditors, for the reason that if the bankrupts are solvent the creditors will receive payment of their claims in full, and in consequence are in no position to object to the proceedings. If the implication is that the alleged bankrupts are preparing to conceal their assets, the remedy of creditors is not an objection to the adjudication, but the appointment of a receiver, who will unearth the assets intended to be concealed. If the danger to be averted is that false claims of indebtedness will be made in the distribution of the assets of the bankrupt, here again the creditors have mistaken their proper remedy, because it clearly lies along the line of exacting proofs of all claims, so that the distribution of the assets will be confined to the real creditors of the bankrupt.

The adjudication is accordingly ordered.