In re BLUMBERG.

(District Court, E. D. Pennsylvania. December 10, 1904.)

No. 2,035.

1. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—SUFFICIENCY OF PETITION.

Petitioning creditors are bound to as full a disclosure in their petition in respect to the acts of bankruptcy charged as their information enables them to make, supplemented by an explanation of its lack of completeness, so far as it may be thus lacking, and their case must rest on something more than rumor or vague hearsay or mere suspicion.

2. SAME.

An averment of an act of bankruptcy in a creditors' petition by the making of a transfer of property for an "improper" consideration is not sufficient, nor is a general averment of the payment of money with intent to prefer creditors, unless the names of such creditors and the amounts paid are set out with as much detail as possible.

In Bankruptcy. On demurrer to petition and motion to amend.

Greenwald & Mayer, for petitioning creditors.

Henry N. Wessel, for alleged bankrupt.

J. B. McPHERSON, District Judge. The acts of bankruptcy set out in the petition are as follows:

"And your petitioners further represent that said Louis Blumberg, trading as L. Blumberg & Co., is insolvent, and that within four months next preceding the date of this petition the said Louis Blumberg, trading as L. Blumberg & Co., committed an act of bankruptcy, in that he did heretofore, to wit, during the months of July, August and September, 1904, while engaged in the manufacture of clothing at No. 36 North Third street, in the city of Philadelphia, convey, transfer, conceal or remove part of his property by delivering merchandise to an amount of more than five thousand dollars to Hymen Finberg, Gittelmacker & Son, and divers other persons known to the bankrupt, for improper considerations, with intent to hinder, delay, and defraud his creditors.

"That the said Louis Blumberg, trading as L. Blumberg & Co., while insolvent, within four months next preceding the date of this petition, committed an act of bankruptcy, in that during the months of August and September, 1904, he transferred, while insolvent, some of the moneys received by him from the improper sale of said merchandise unto the Tradesmen's National Bank of the City of Philadelphia, with intent to prefer said bank, and the indorsers and makers of promissory notes held by said bank, and relieve them from further liability to said bank over and above his other creditors."

These averments are demurred to as insufficient, and I think the objection must be sustained. What is an "improper" consideration is not a fact, but a conclusion of law, and for this reason the petitioners should set forth the details of the transaction in sufficient

fullness to enable the court to judge for itself concerning the char-acter of the consideration. I think, also, that the facts concerning the payments to the Tradesmen's National Bank should be set out more specifically. As the petition stands, no amount is named, nor is it even averred, except by inference, that the payments were made upon the bankrupt's promissory notes, to say nothing of the vagueness of the reference to "the indorsers and makers of promissory notes held by said bank," whom the bankrupt is charged with intending to prefer. The petition to amend does not touch the matters herein referred to, but is concerned entirely with other defects in the original petition that are also declared to exist by the demurrer. The amendments prayed for will be allowed, but, as the averments above quoted will even then be insufficient, the petitioners have leave to amend still further in these two particulars within 10 days, in default whereof the clerk will enter an order that the petition be dismissed.

The difficulty of obtaining accurate information concerning fraudulent transfers of property or preferential payments has been suggested as an excuse for the vagueness of such averments as are found in this petition, and I am not insensible that such difficulty may often exist. Due allowance should be made for it, but the petitioning creditors are nevertheless bound to as full a disclosure as their information may enable them to make, supplemented by an explanation of its lack of completeness, so far as it may thus be lacking. Impossibilities are not expected of petitioning creditors, more than of other suitors; but they must found their case on something more than rumor, or vague hearsay, or mere suspicion. If they cannot aver the necessary facts on personal knowledge, or credible information, which is full enough to supply details that will justify the inference that is sought to be drawn, they simply furnish one more example of an intending litigant who may believe that his opponent has done wrong, but is unable to prove it.