# ISIDRO A. SANCHEZ, SUCS., ET AL.,

*v.*

# MARIA GESTERA DE UBARRI.

-----

San Juan, Bankruptcy, No. 111.

Petition—Agent.

    1. A creditors' petition in bankruptcy may be verified by their agent; but he must give particulars and also state the source of his information.

Bankruptcy—Verification.

    2. Judicial verification must generally allege knowledge of the facts set out, and not be merely upon information and belief.

Sanchez v. Gestera de Ubarri.

Bankruptcy—Allegations.

> 3. The creditors in a petition in bankruptcy must set out the particulars making up the fraud which is charged. Merely pleading the conclusion of fraud is insufficient.

Opinion filed July 9, 1914.

---

*Messrs. Martinez & Besosa* for petitioners.

*Mr. Frank Antonsanti* for bankrupt.

HAMILTON, Judge, delivered the following opinion:

The demurrer to the amended petition is rather general in its nature. Inasmuch, however, as one ground will have to be sustained, and an amendment will have to be filed, it may be as well to pass upon both aspects of the case.

1. It is permissible for an agent to verify a petition in bankruptcy, but in such case the agent must set out his authority. The form prescribed by the supreme court, Bankruptcy Forms No. 6, gives many particulars which are not found in the verification of the petition at bar, and also a separate affidavit showing the sources of the agent's information as to the facts set up and why the verification is not made by the petitioners in person. It must be held, therefore, that the verification is not shown to be properly made by an agent.

2. The general rule as to judicial verifications is that they must allege knowledge of the facts set out, unless averred to be on information. Merely stating a fact as true to the best of one's information may mean nothing at all. It would be

possible for a person having practically no knowledge or information to sign such an affidavit. Moreover, the form of verification prepared by the supreme court, in Form No. 5, is that the three petitioners "do hereby make solemn oath that the statements contained in the foregoing petition subscribed by them are true." The affidavit in question is that "the statement of facts contained in the foregoing petition is true according to the best of their knowledge, information, and belief." It would not seem that this comes up to the standard required by the prescribed form, or up to that required by the general rule as to affidavits in legal proceedings.

3. The petition sets out that the alleged bankrupt is insolvent, and within four months next preceding "committed an act of bankruptcy in that she did convey and transfer all of her known property beyond the reach of her creditors with the intent to hinder, delay, or defraud them." And then follows a list of conveyances, giving date, consideration, and description of the respective pieces of property. The petition further alleges that this amounted to "committing the first act of bankruptcy" described in § 3 of the bankruptcy act.

The general rule is that a mere allegation of fraud following the words of the statute is insufficient. Fraud is a conclusion of law, and pleadings must set out facts rather than such conclusions. The petition in question does not allege any particulars which might indicate fraud except the general allegation that the alleged bankrupt is insolvent; *non constat* that she was solvent at the time of making the different conveyances set out. The rule is that, while creditors are not, from the nature of the case, held to know all the particulars of the fraud, they must set out what they do know, must make a

Sanchez v. Gestera de Ubarri.

full disclosure, or it will be held that they have not pleaded a case proper for the intervention of a court of bankruptcy. If there is to be a presumption in the matter, it must be, as in all other cases, in favor of the defendant. The rule as to such allegations is discussed in the following cases from Federal courts in different parts of the Union: Re Hark, 135 Fed. 603; Re Nelson, 98 Fed. 77; Re Vastbinder, 126 Fed. 418; Re Mero, 128 Fed. 630; Re Blumberg, 133 Fed. 845; Re Simonson, 92 Fed. 904.

It follows that the demurrer is sustained, and ten days will be allowed for amendment as the petitioners may be advised.