## In re SMITH.

(District Court, E. D. Illinois.    September 11, 1926.)

### No. 4121.

1. **Bankruptcy ⟨key⟩81(1)—Manner of statement in involuntary petition should conform to usual rules of pleading.**

Manner of statement in involuntary petition should conform to usual rules of pleading, and should set up facts, not legal conclusions, and ultimate facts, not mere evidentiary facts.

2. **Bankruptcy ⟨key⟩81(1)—Involuntary petition must allege, as far as petitioner's information and nature of facts permits, essential elements of cause of action, capacity of parties, and jurisdiction, and explain any incompleteness.**

Involuntary petition must allege, as fully, definitely, and certainly as petitioners' information permits, the acts charged and the essential elements of cause of action, of capacity of parties, and of jurisdiction, and must explain any incompleteness; but no greater nicety or fullness is required than the nature of the facts permits.

3. **Bankruptcy ⟨key⟩81(4)—Positive averments of transfer of all of alleged bankrupt's property to brother, to hinder, delay, and defraud creditors, bankrupt's continued receipt of rents, etc., held to make prima facie case within Bankruptcy Act.**

Positive averments of transfer of all of alleged bankrupt's property to brother to hinder, delay, and defraud creditors, that tenants continue to pay rents to her, and that before transfer she said that, if suit, which was subsequently brought, should be brought against her, she would prevent collection, and that she could not pay many creditors, make prima facie case within Bankruptcy Act.

4. **Bankruptcy ⟨key⟩81(4)—In involuntary petition, alleging transfer to hinder, delay, and defraud creditors, "without any valuable consideration," to brother, "who holds legal title * * * for use and benefit of" alleged bankrupt, the quoted phrases are surplusage.**

In involuntary petition, alleging transfer of lands to hinder, delay, and defraud creditors, "without any valuable consideration as petitioners believe," to brother, "who your petitioners are informed and believe holds legal title to said real estate for the use and benefit of the said" alleged bankrupt, quoted phrases are surplusage, considering that transfer may be fraudulent, even though there be valuable consideration.

5. **Bankruptcy ⟨key⟩81(1).**

Motion to dismiss involuntary petition, which states a prima facie case, and whose material charges are verified positively, must be denied.

In Bankruptcy. In the matter of Mary E. Smith, alleged bankrupt. On motion to dismiss. Motion denied.

Robert Bookwalter and Louis Clements, both of Danville, Ill., for petitioners.

Acton, Acton & Snyder, of Danville, Ill. (W. M. Acton, of Danville, Ill., of counsel), for bankrupt.

LINDLEY, District Judge. The petition avers all jurisdictional facts as to residence, claims against the bankrupt, and insolvency of the alleged bankrupt, and negatives the exceptions of the statute. The act of bankruptcy relied upon is thus stated:

"That within four (4) months next preceding the date of this petition she committed an act of bankruptcy, in that she, the said Mary E. Smith, heretofore, on, to wit, the twenty-third day of May, A. D. 1925, conveyed and transferred all of her property with the intent to hinder, delay, or defraud her creditors; that is to say, that she, the said Mary E. Smith, was on the twenty-third day of May, A. D. 1925, owner in fee of the north half of the southeast quarter of section thirty-six (36), township eighteen (18) north, range fourteen (14) west, in the county of Vermilion and state of Illinois, and on the same was also the owner of a life estate for and during her own life in the following described real estate: The northeast quarter of section twenty-six (26), township eighteen (18) north, range fourteen (14) west of the 2d P. M.; also the southeast quarter of the southeast quarter and the west half of the southeast quarter of section twenty-three (23), township eighteen (18) north, range fourteen west of the 2d P. M.—all situated in the county of Vermilion and state of Illinois, and that at said date there was pending in the circuit court of Vermilion county, Illinois, a proceeding wherein Jacob B. Hirshfeld, petitioner herein, was the plaintiff, and the said Mary E. Smith defendant, and the said cause wherein judgment was secured against the said Mary E. Smith in the sum of fifty-five hundred thirty-seven dollars and seventeen cents ($5,537.17) was set for trial and coming on to be heard on the 25th day of May, A. D. 1925, the said Mary E. Smith, without any valuable consideration, as your petitioners are informed and believe, and for the purpose of hindering the collection of any judgment that might be obtained against her, and for the purpose of hindering, delaying, and defrauding your petitioners, did convey to one Louis V. Jurgensmeyer, of Champaign county, state of Illinois, the two said tracts of land above described, and that the said Louis V. Juergensmeyer was a brother of the said Mary E. Smith, and, as your petitioners are informed and believe, holds the legal title to the said real estate for the use and benefit of the said Mary E. Smith; that the placing

of said title in the name of the said Louis V. Juergensmeyer hinders, delays, and prevents the sheriff of the county of Vermilion and state of Illinois from enforcing and collecting judgment secured at the said trial above mentioned on the 25th day of May, A. D. 1925, and prevents the said sheriff from satisfying the execution now held by him in behalf of the said petitioner, Jacob B. Hirshfeld."

[1, 2] Upon motion to dismiss, counsel for bankrupt contend that these averments are not positive in character, but manifestly based upon information and belief. The true rule as to the character of averments necessary to constitute a proper petition are clearly indicated by various decisions of other courts. The petition is a pleading, and should conform to the usual rules of pleading in the manner of statement. Clark v. Henne & Meyer, 127 F. 288, 62 C. C. A. 172, 11 Am. Bankr. Rep. 583. Thus the petition should set up facts, not legal conclusions. In re Sig. H. Rosenblatt & Co., 193 F. 638, 113 C. C. A. 506, 28 Am. Bankr. Rep. 401. The facts stated should be the ultimate facts, and not mere evidentiary facts. In re Musgrove (D. C.) 234 F. 99, 37 Am. Bankr. Rep. 628; In re Bellah (D. C.) 116 F. 69, 8 Am. Bankr. Rep. 310. The petition must allege, as fully, definitely, and certainly *as the petitioners' information permits,* the acts charged and the essential elements of the cause of action, of the capacity of the parties, and of the jurisdiction. In re McGraw (D. C.) 254 F. 442, 43 Am. Bankr. Rep. 38. And where it is incomplete it must contain explanation of its lack of completeness. 1 Remington on Bankruptcy, p. 325, § 282.

In the case of In re Blumberg (D. C.) 133 F. 845, the court said: "The difficulty of obtaining accurate information concerning fraudulent transfers of property or preferential payments has been suggested as an excuse for the vagueness of such averments as are found in this petition, and I am not insensible that such difficulty may often exist. Due allowance should be made for it; but the petitioning creditors are nevertheless bound to as full a disclosure as their information may enable them to make, supplemented by an explanation of its lack of completeness, so far as it may thus be lacking. Impossibilities are not expected of petitioning creditors, more than of other suitors."

No greater nicety nor fullness is required

14 F.(2d)—30

than the nature of the facts will permit. In re Hark Bros. (D. C.) 135 F. 603, 14 Am. Bankr. Rep. 400; In re Vastbinder (D. C.) 126 F. 417, 11 Am. Bankr. Rep. 121. In Re Mero (D. C.) 128 F. 630, the court said: "It is important that the allegations in this respect shall be as specific as possible; but it would be unfair, and contrary to the spirit and purpose of the Bankruptcy Law, to require greater detail than it is probable that creditors can furnish. I do not think it necessary to allege 'in what manner the said bankrupt indicated his intent.'" Concerning the specific act here charged the District Court said in Re Bellah (D. C.) 116 F. 69: "An averment in a petition in involuntary bankruptcy that the defendant at a certain time received a specified sum of money from a specified source, which sum 'he has ever since concealed and secreted with intent to hinder, delay or defraud his creditors,' is not defective for want of particularity; the manner and details of the concealment being matters of evidence and not of averment."

[3] It follows that, if we strike out as surplusage the two following expressions, viz.: "Without any valuable consideration as your petitioners believe," and "and as your petitioners are informed and believe holds the legal title to the said real estate for the use and benefit of the said Mary E. Smith"—there remains a direct charge and positive averment of a transfer of all of the bankrupt's property to her brother for the purpose and with the intention of hindering, delaying, and defrauding creditors. This averment is supplemented by the further positive charge that the tenants are continuing to pay the rents to the bankrupt, that before the transfer the bankrupt said that, if suit should be brought against her, she would take the necessary steps to prevent collection, and that she owed many creditors whom she could not pay. The charges of the petition, excluding the two phrases quoted, constitute a prima facie case within the requirements of the Bankruptcy Act.

[4] That the two phrases are surplusage is evident, when we remember that this is not a suit against the transferee to recover the property conveyed, and that a transfer may be fraudulent, even though there be a valuable consideration for it.

[5] In view of the facts stated, and the further fact that the material charges are verified positively, the motion to dismiss must be and is denied.