### BEACH v. MACON GROCERY CO. et al.

(Circuit Court of Appeals, Fifth Circuit. February 24, 1903.)

#### No. 1,206.

1. BANKRUPTCY—PETITION TO ADJUDGE A PERSON A BANKRUPT—SUFFICIENCY—AMENDMENT.

The petition to adjudge an involuntary bankrupt, if not sufficient because not alleging that he is not a wage earner or a person engaged chiefly in farming or the tillage of the soil, though containing averments consistent with his being a merchant and not chiefly engaged in tilling the soil, may be cured by amendment.

2. SAME—SECOND PETITION TO REVIEW.

A petition to revise proceedings in bankruptcy on the ground of the insufficiency of the petition of creditors will be denied, the same matter having been involved in former proceedings by the same petitioner, and therein fully disposed of.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of Georgia, in Bankruptcy.

John P. Ross, for petitioner.

John I. Hall and Olin J. Wimberly, for respondents.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. In this case the petitioner asks a review of the proceedings in the District Court overruling a demurrer which raised the question whether in the petition of creditors to adjudicate a natural person an involuntary bankrupt it is necessary to specifically allege that the alleged bankrupt is not a wage earner nor a person engaged chiefly in farming or the tillage of the soil. The petition in the case is in the form prescribed in general orders of the Supreme Court, and besides contains averments consistent with the alleged bankrupt being a merchant, and not chiefly engaged in tilling the soil, and for that reason it is probably sufficient, or, if not sufficient because of the omission to specifically charge that the alleged bankrupt is not within the excepted class, the defect is one that may be cured by amendment.

However this may be, we deny the petition in this case, because this same matter as to the sufficiency of the petition of creditors, asking that petitioner herein may be adjudged an involuntary bankrupt, was involved in proceedings heretofore brought in this court by this same petitioner, which were disposed of at the last term of this court (see Beach v. Macon Grocery Co. [C. C. A.] 116 Fed. 143), wherein, if there were any errors or defects in the said petition the same were fully concluded and disposed of, and the petitioner herein is not entitled to any second petition for review of the same proceedings.

Petition denied, with costs.