## In re MILGRAUM & OST.

(District Court, E. D. Pennsylvania. May 6, 1904.)

### No. 1,804.

1. BANKRUPTCY—DISCHARGE—OBJECTIONS—SPECIFICATIONS—VERIFICATION BY ATTORNEY.

Though specifications of objection to a bankrupt's discharge should not ordinarily be signed and verified by attorneys in fact or at law for objecting creditors, they may be so signed under exceptional circumstances.

2. SAME—JOINDER OF CREDITORS.

Where several creditors of a bankrupt desired to urge the same objections to the bankrupt's discharge, they were not required to sign separate specifications of objection by bankrupt order No. 32, providing that "a

creditor shall enter his appearance," etc., but were entitled to join in the same specification.

3. SAME—AFFIDAVITS—SUFFICIENCY.
   Affidavits to specifications of objection to a bankrupt's discharge, sworn to "to the best of affiant's knowledge, information, and belief," were sufficiently verified.

4. SAME—FAILURE TO KEEP BOOKS OF ACCOUNT.
   A specification of objection to bankrupts' discharge, that such bankrupts, with intent to conceal their financial condition, destroyed, concealed, or failed to keep books of account or records from which such condition might be ascertained, was not sufficiently specific.

5. SAME—CONCEALMENT OF MERCHANDISE.
   A specification of objection to bankrupts' discharge alleging that, within four months immediately preceding the filing of the petition, the bankrupts transferred, removed, destroyed, or concealed their property, with intent to defraud their creditors, in that, about a week prior to the filing of the petition, and at other times, they concealed large quantities of merchandise in a certain house, with intent to hinder, delay, and defraud their creditors, and thereafter, on a day specified, removed and concealed other large quantities of merchandise from their place of business with like intent, was sufficient.

In Bankruptcy. Motion to Dismiss Specifications of Objection to Discharge.

Henry N. Wessel, for bankrupts.
Keator & Johnson and Reber & Downs, for objecting creditors.

J. B. McPHERSON, District Judge. One ground of complaint against these specifications of objection to the bankrupts' discharge is that they are signed and sworn to by attorneys in fact and in law, and not by the creditors themselves. I cordially agree to the proposition that affidavits of agents and attorneys are usually objectionable, and should be discouraged. The practice of this court forbids them ordinarily, and I have no intention of relaxing the rule on this subject; but exceptional circumstances occur when they seem to be necessary, and I think this is such a case. Clause 9 of section 1 (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419]) recognizes the possibility of such a situation by providing that "'creditor' shall include anyone who owns a demand or claim provable in bankruptcy, and may include his duly authorized agent, attorney or proxy."

The specifications are also attacked because they are signed by four creditors, acting by their attorneys; the argument being that objections to a discharge can only be made by a creditor acting singly. This contention rests largely on the grammar of order No. 32—"A creditor * * * shall enter his appearance," etc. It seem needless to take up much time over this argument. If two or more creditors see fit to adopt the same objections, I can see no reason why they may not reach that result by signing the same paper, for they could certainly do so by signing separate copies of the original. Their action is equivalent to the execution of as many copies of the specifications as there are signers, and each signer is individually liable for his own act. There is nothing joint about the paper. It is simply a device to avoid the multiplication of copies.

¶ 4. See Bankruptcy, vol. 6, Cent. Dig. § 714.

Neither do I see any force in the objection to the affidavits because they declare that the facts are true "to the best of [affiants'] knowledge, information, and belief." This phrase is objected to as vague and uncertain, and in some connections it may perhaps deserve these epithets. Usually, however, it is as far as any man should be asked to go in taking an oath—the instances are infrequent, I think, when an assertion that facts are true can be properly made without qualification of any kind—and the Supreme Court of the United States has thought the phrase to be unobjectionable, as may be seen by examining the affidavit to form No. 2. No doubt, it was expected that this affidavit would ordinarily be taken by a principal; but, if the principal is permitted to be thus cautious, I think that his agent, who is only allowed to take his place under exceptional circumstances, ought not to be obliged to assume a heavier burden.

The first specification, however, is plainly insufficient. It is merely a general statement, following the language of the act (chapter 541, § 14b, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]), "that said bankrupts have, with intent to conceal their financial condition, destroyed, concealed, or failed to keep books of account, or records from which such condition might be ascertained." This has been so often decided to be bad, that nothing more need be said upon the subject.

But the second specification, in my opinion, is sufficiently specific. It declares:

"That said bankrupts have, within a time subsequent to the first day of the four months immediately preceding the filing of the petition against them, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, their property, with intent to hinder, delay, and defraud their creditors, in this: that said bankrupts did on or about December 1, 1903, or about one week prior to the filing of the petition against them, and at other times, remove and conceal large quantities of their merchandise to the house of Leon Wiesen, No. 529 N. Sixth street, in the city of Philadelphia, with the intent to hinder, delay, and defraud their creditors; and in this: that said bankrupts did further, on the 19th day of November, 1903, and at other times, remove and conceal, or permit to be removed and concealed, large quantities of merchandise, consisting of toys, notions, and pens, from their place of business, at 303 Market street, Philadelphia, with the intent to hinder, delay, and defraud their creditors."

This is definite enough to advise the bankrupts clearly what they may expect to meet, and, if they receive information of that quality, they are treated as fairly as the bankrupt act requires. As it seems to me, to compel nicety of pleading in specifications of objections to a discharge is more likely to lead to the escape of dishonest men from their liabilities, than to protect honest debtors from the spiteful attack of disappointed creditors.

The clerk is directed to send the second specification to the referee for investigation and report.