## In re BRETT.

### (District Court, D. New Jersey. June 27, 1904.)

1. **BANKRUPTCY—JURISDICTION.**
    Jurisdiction of the subject-matter of a bankruptcy proceeding is conferred by law, and jurisdiction of the person in a proceeding in involuntary bankruptcy is acquired by the filing of a petition and the due service of a copy of the petition and of a subpœna.

2. **SAME—AMENDMENT.**
    Though a demurrer to a petition in involuntary bankruptcy proceedings be sustained, the petition will not, as a rule, be dismissed without first giving the petitioners an opportunity to apply for leave to amend.

3. **SAME—NEGATIVING EXCEPTIONS.**
    The exception in Bankr. Act July 1, 1898, c. 541, § 46, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], concerning wage earners and farmers, should be negatived in a petition in involuntary bankruptcy proceedings; and this may be done either in the express language of negation, or in any other language from which the inference that the alleged bankrupt is a wage earner or a farmer is necessarily excluded.

4. **SAME—PROVABLE CLAIM.**
    An averment, in a petition in involuntary bankruptcy proceedings, that one of the petitioning creditors was the owner of a promissory note, dated January 15, 1904, which was made by the alleged bankrupt payable to the creditor's order in three months after its date at a specified bank, sufficiently sets forth a provable claim.

5. **SAME—CONSIDERATION OF CLAIM.**
    The provision of Bankr. Act July 1, 1898, c. 547, § 57, 30 Stat. 560, 561 [U. S. Comp. St. 1901, p. 3443], requiring the consideration of a claim

against a bankrupt's estate to be set forth and sworn to, relates to the proof of the claim, and not to the averments of the petition.

On Demurrer to Petition in Involuntary Bankruptcy.

Edward F. Merry and Griggs & Harding, for demurrant Paterson Brewing & Malting Company.

Michael Dunn, for petitioning creditors.

LANNING, District Judge. Three creditors have filed a petition against John T. Brett to have him adjudged an involuntary bankrupt. Section 4b of the bankruptcy act provides that:

"Any natural person, except a wage-earner, or a person engaged chiefly in farming or the tillage of the soil, * * * owing debts to the amount of one thousand dollars, or over, may be adjudged an involuntary bankrupt." Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423].

Section 59b (30 Stat. 561 [U. S. Comp. St. 1901, p. 3445]) requires that each of the creditors filing a petition must have a provable claim. The Paterson Brewing & Malting Company, another of Brett's creditors, has demurred to the petition, and assigned as causes of demurrer, first, that there is no averment in the petition that Brett is not a wage earner or farmer; second, that it does not appear by the allegations in the petition that the claim of George F. Whitehead, one of the three petitioning creditors, is a "provable" claim; and, third, that no act of bankruptcy has been alleged. The third cause of demurrer was not pressed on the argument, and is understood to have been abandoned.

The demurrant insists that the first two causes of demurrer deal with jurisdictional defects in the petition, and that it is beyond the power of the court to permit an amendment of the petition which shall relate back to the time when the petition was filed. The purport of the argument is that the petition is so defective in form and substance that the court acquired by it no jurisdiction of the subject-matter of the proceedings, or of the person of the alleged bankrupt. But it is not the petition that confers upon the court jurisdiction of the subject-matter. That is done by the law. Jurisdiction of the person is acquired by filing a petition, and serving a copy of it, with a subpoena, upon the alleged bankrupt. The demurrant by its demurrer necessarily admits that the petition has been filed, and the record of the case shows that a copy of the petition and the subpoena have been served on the alleged bankrupt. The court therefore has jurisdiction both of the subject-matter and the person. The petition may be dismissed for grave defects, but, though defective, it may also, under the authority of general order 11 (32 C. C. A. xiv, 89 Fed. vii), be amended, provided the petitioners shall, in their application for leave to amend, state the cause of the error in the petition, and verify the amendment in the same manner as the original petition was required to be verified.

In the Williams Case, Fed. Cas. No. 17,700, it appears that on June 22, 1874, a petition in bankruptcy was filed against Williams and McPheeters, who were partners in business, and that on June 29th they were adjudged bankrupts. After the proceedings in bankruptcy were commenced, one Ellis brought suit in a state court against the bankrupts, and Williams was arrested upon process issued in that suit.

Thereupon he applied to the bankruptcy court for an injunction restraining Ellis from prosecuting his suit. A rule to show cause being allowed, the bankruptcy court, on the return of the rule, stayed the action. The bankrupt law then in force required that the petition should be signed by at least one-fourth of the creditors, the aggregate of whose claims should amount to not less than one-third of the provable debts. The petition was defective, in that it did not conform to these requirements of the law. It was subsequently amended, however, with the consent of the court; and, on a review of the order by the circuit judge, it was held that the court had jurisdiction of the cause notwithstanding the defect in the petition, and that the amendment of the petition related back to the commencement of the bankruptcy proceedings and gave effect to the action of the court. Accordingly the order of the District Court staying Ellis' suit was sustained.

In Roche v. Fox, Fed. Cas. No. 11,974, a motion to dismiss a petition in bankruptcy was made for want of jurisdiction, because the petition was not signed and verified by a sufficient number of creditors, and for other reasons that need not now be mentioned. In the opinion on the motion the following language was used:

"It is claimed that the court has not jurisdiction. Jurisdiction of what? The law gives the court jurisdiction of the subject-matter before any petition is filed. And the filing of the petition, the service of process, and the appearance of the alleged bankrupt in the cause are ample to give jurisdiction of the person. What question of jurisdiction remains? In a certain sense, it is true, the court has not jurisdiction. It cannot proceed to furnish the relief prayed for upon a petition which is demurrable in not containing all the necessary allegations. And the true force of the objections, to my mind, does not go to the jurisdiction of the court, but only to the sufficiency of the petition as a pleading. The petition in bankruptcy answers to the declaration or complaint in an action at common law or bill of complaint in equity. Its office is to set forth the cause of action. It was never yet held that a complaint in an action at law or suit in equity should be dismissed for want of jurisdiction in the court when suit has been commenced by service of process, and an attempt made to set out the cause of action, but the complaint is defective in some particulars, in not containing all the essential allegations to make a good case. Such defect would be good ground for demurrer, which, if sustained, leave would be given to amend, which, of course, could not be done if the court had not jurisdiction."

In the Pilger Case, 9 Am. Bankr. Rep. 245, 118 Fed. 206, it was held that a petition might be amended to cure the defect arising from a failure to aver that the alleged bankrupt was not a wage earner. The same ruling was made in the Bellah Case, 8 Am. Bankr. Rep. 310, 116 Fed. 69, and in Beach v. Macon Grocery Co., 9 Am. Bankr. Rep. 762, 120 Fed. 736, 57 C. C. A. 150.

In view of these authorities, the true rule doubtless is that, if the demurrer in the case now in hand should be sustained, the petition should not be dismissed without first giving the petitioners an opportunity to apply for leave to amend. If such leave should be granted, and the amendment be made, the petition would be considered as valid from the date when it was filed. But, in my judgment, the first cause of demurrer is not well founded. It is true that in pleading upon statutes, where there is an exception in the enacting clause, the plaintiff should negative the exception. 1 Chit. Pl. 223; Ledbetter v. United States,

170 U. S. 606, 18 Sup. Ct. 774, 42 L. Ed. 1162; In re Taylor, 4 Am. Bankr. Rep. 515, 102 Fed. 728, 42 C. C. A. 1; In re Bellah, supra. In accordance with this rule, the petition must contain allegations which fairly negative the exception of the bankruptcy act concerning wage earners and farmers. The form in which the exception should be negatived is immaterial. It may be done in the express language of negation or in affirmative language, which shows that the alleged bankrupt is neither a wage earner, nor a person chiefly engaged in farming or the tillage of the soil. In this case the petitioners have averred in their petition that the alleged bankrupt has his "principal place of business" in the city of Paterson, that he "resided and had his domicile" there, and that he "owned and conducted" a store and saloon there.

It was held in Beach v. Macon Grocery Co., supra, that a petition in involuntary bankruptcy, drafted in the form prescribed by the Supreme Court, as the petition in this case seems to be, and containing averments consistent with the alleged bankrupt being a merchant, and not chiefly engaged in tilling the soil, was "probably sufficient."

In the Taylor Case, supra, it was held that a failure to negative the exception concerning wage earners and farmers was a jurisdictional defect. But that remark was made to show that the right to take advantage of such a defect in the petition was not a mere personal privilege of the alleged bankrupt. The court said that the petition "did not allege what the defendant's business or occupation was, and there was no allegation to show that he did not come within the excepted classes, which, under the law, are too important to be wholly ignored." Had there been such an allegation in that case the court doubtless would not have sustained the demurrer there filed.

The bankruptcy act should be so construed as to give full effect to its purposes. One of those purposes is to exclude from the class of preferred creditors any person who has received from an insolvent debtor, within four months before the filing of a petition against him, a preference by means of the transfer of any part of the debtor's property. Although the exception of the statute is not negatived in the petition now under consideration, in express words of negation, which is the form usually employed in common-law pleading, the averments concerning the debtor's residence and domicile, his principal place of business, and his owning and conducting a store and saloon, all in the city of Paterson, exclude the idea of his being a "wage-earner" or "a person engaged chiefly in farming," and do sufficiently negative the exception.

The second cause of demurrer is that the petition does not show that George F. Whitehead, one of the petitioning creditors, has a "provable" claim. The averment of the petition is that Whitehead is the owner and holder of a certain promissory note for $100, dated January 15, 1904, made by the alleged bankrupt, and payable in three months after its date to Whitehead's order at the Paterson National Bank. This is a sufficient averment. There is nothing in the bankruptcy act, or in the general orders or forms prescribed by the Supreme Court under the authority of the act, requiring greater particularity. The provision of section 57 of the act (Act July 1, 1898, c. 541, 30 Stat.

560, 561 [U. S. Comp. St. 1901, p. 3443]) which requires the considera-
tion of the claim to be set forth and sworn to relates to the proof of the
claim, and not to the averments of the petition.

The demurrer will be overruled.