In re WHITE.

(District Court, E. D. Pennsylvania. February 1, 1905.)

No. 2,073.

1. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—PETITION.

A petition in involuntary bankruptcy should state the nature of the petitioners' claims, but an omission in that respect may be cured by amendment.

2. SAME.

A petition in involuntary bankruptcy must show that the defendant is not within one of the classes excepted from the operation of the act, either by a negative averment to that effect, or by a direct averment of his principal business; but a petition defective in that respect may be amended.

3. SAME—ACTS OF BANKRUPTCY—SUFFICIENCY OF ALLEGATION.

An averment in an involuntary petition that defendant, who was a merchant, committed an act of bankruptcy by conveying a part of his

property, consisting of real estate described, to a person named, with intent to hinder, delay, and defraud his creditors, is sufficient.

**4. SAME.**

An averment of an act of bankruptcy by the transfer or removal of property with intent to hinder, delay, or defraud creditors should state facts and circumstances from which such intent may be inferred; and an allegation merely that defendant, who was a retail merchant, transferred and removed goods from his store with intent to hinder, delay, and defraud creditors, is insufficient, no facts being alleged to show that such goods were not sold and removed in the ordinary course of his business.

In Bankruptcy. On demurrer to petition.

Reber & Downs, for petitioners.
Henry N. Wessel, for alleged bankrupt.

HOLLAND, District Judge. Upon a reargument on the demurrer in this case, I have concluded the opinion and order filed at the first hearing should be modified in accordance with this decision and order following. The demurrer to the involuntary petition filed by creditors in this case alleges that it is defective, for the reasons:

"(1) It does not set forth when the goods were sold and delivered by the said alleged creditors, nor the amount of the securities held by the petitioners, nor the manner in which the value of the securities is fixed. (2) It does not aver that deponent is not one of the class excepted by the act of Congress relative to bankruptcy. (3) The averments relative to the transfer of property are insufficient, in that it does not aver any facts showing an act of bankruptcy, but merely states legal conclusions, and uses the phraseology set forth in the act of Congress."

The petition sets forth that the three creditors therein named "have provable claims amounting in the aggregate, in excess of securities held by them, to the sum of five hundred dollars." They further state that the "nature" and "amount" of these claims follow. Thus far the petitioners have followed the form prescribed by general order 37 of the Supreme Court prescribing the forms in bankruptcy; but in stating their claims, while the amount is given, the nature of the claim is not set forth, and in that it is defective, which, however, can be amended so as to meet the requirements of the act.

The petition also fails to state the business in which the bankrupt was engaged, and in this it is defective. It is true, as contended for by counsel for the petitioners, that from the face of the petition it can be gathered inferentially that he was engaged in the mercantile business in Philadelphia, and was not a farmer or wage-earner; but this depends upon averments in other portions of the petition as to acts of bankruptcy committed by the alleged bankrupt. It is necessary that the petition should show either by a negative averment that the alleged bankrupt is not one of the excepted class, or it must so clearly appear from a specific statement as to the business in which he was engaged as to exclude the inference that his principal business could be one of the excepted class under the act; but this omission is not fatal to the petition, and can be amended. In re Bellah, 8 Am. Bankr. Rep. 310, 116 Fed. 69; Beach v. Macon

Grocery Co., 120 Fed. 736, 57 C. C. A. 150; Loveland, Bankruptcy, p. 142, note 9; In re Brett, 12 Am. Bankr. Rep. 495, 130 Fed. 981.

The petition alleges that the bankrupt—

"On or before the 24th day of October, 1904, while insolvent, conveyed a part of his property, namely, premises 615–17 South Sixth St., and 610 Rodman St., in the city of Philadelphia, to one Weinstein, with intent to hinder, delay, and defraud his creditors; and, further, said Solomon White almost daily between October 1, 1904, and October 29th, and at other times while insolvent, transferred and removed a part of his property, consisting of dry goods and an assortment of notions and gents' furnishings, from his place of business, 8 North Third St., Philadelphia, with intent to hinder, delay, and defraud creditors. The value of said property transferred is at least $5,000. Said dry goods and notions and gents' furnishings were transferred to numerous parties, whose names are unknown to your petitioners."

This specification states in the first part the real estate transferred and to whom, together with its location and the date of the transfer, with an intent, it is alleged, to hinder, delay, and defraud his creditors. The facts here stated are very few, and this specification is barely over the line which divides it from those held to be insufficient, and probably could not in all cases be regarded as a precedent; but what follows simply specifies the property which is alleged to have been "transferred and removed" and the place from which the transfer and removal was made. The difference between this specification and that contained in Re Milgraum & Ost (D. C.) 129 Fed. 827, is that in the latter case it is charged that the property was not only transferred and removed, but that it was concealed in a certain place, which is named. White, the alleged bankrupt, was in the business of selling dry goods and an assortment of notions and gents' furnishings, and a "transfer and removal" of his property could have been lawfully made in the usual course of trade. So that the statement, as it stands, charges an act which he had a lawful right to perform. Of course, it is alleged to have been done with intent to hinder, delay, and defraud creditors; but there is no statement in the specification from which this inference could be drawn, as was found in the Milgraum & Ost Case, wherein it is charged that he concealed his property, naming it.

This might be said of the first part of this specification, except for the fact that Solomon White was not in the business of selling real estate, and, under all the circumstances, it might be said—although the inference does not necessarily arise—that a conveyance of his real estate was done with intent to hinder, delay, and defraud his creditors. However, we have concluded that the first part of the specification may be permitted to stand, but that the second part should be amended. The cases are reviewed in Re Bellah, 8 Am. Bankr. Rep. 310, 116 Fed. 69. It is held that it is sufficient, in specifications against a discharge, to aver a failure to keep books in the words of the act alone, because those words set forth all the elements necessary to establish the evil intent, and no further details can be given. In re Ginsburg, 12 Am. Bankr. Rep. 459, 130 Fed. 627; Godshalk v. Sterling, 12 Am. Bankr. Rep. 302, 129 Fed. 580. Yet these same cases hold, following numerous others, that both in petitions and specifications of a discharge, allegations of a disposition of property to hinder, delay, and defraud creditors are insufficient, if stated merely in the language of the act. It is

necessary to state facts and circumstances from which the inference can be drawn that the disposition of the property was done with the evil intent. Solomon White was engaged in the sale of the kind of merchandise mentioned in the specifications, and, when sold, it was removed from his premises, as he had a right to do. This averment is, therefore, insufficient, as there are no facts whatever to indicate that the transfer or removal was done with the intent charged, and not in the due course of trade.

In Re Bellah, supra, the source, identity, amount, and receipt by the defendant of the fund which he was charged with concealing were distinctly stated, although the place of concealment and manner of concealment were not given. It was held sufficient in Re Milgraum & Ost, supra, to allege a concealment of property specified, together with the amount and the place from which it was taken and the place in which it was concealed. In re Hark, 135 Fed. 603, the date, amount, and kind of property alleged to have been concealed, together with the place from which it was taken, although the place of concealment was alleged to have been unknown to the petitioners, was held sufficient. In all these cases the averments are sufficiently specific to give the alleged bankrupt notice of what he will be expected to meet, and, at the same time, taken together, the inference can fairly be drawn that the disposition of the property as alleged was done with the evil intent prohibited in the act, to wit, the intent to hinder, delay, and defraud creditors.

The petitioners will be permitted to amend their petition, in accordance with this opinion, on or before March 20, 1905; otherwise, the objection to the second part of this specification will be sustained.