---

In re HARK et al.

(District Court, E. D. Pennsylvania. March 13, 1905.)

No. 2,065.

1. INVOLUNTARY BANKRUPTCY—PETITION—PROVABLE CLAIMS—MATURITY.

Where an involuntary bankruptcy petition stated that the claims of the creditors signing the same were for goods sold and delivered, and that the alleged bankrupts purchased the same within a year from the date of the petition, it conformed to general order 37 (18 Sup. Ct. x), and was not objectionable for failure to state when the several amounts became due, the amount of the securities held, nor the manner in which the value of the securities was fixed.

2. SAME—ACTS OF BANKRUPTCY.

Allegations of acts of bankruptcy in an involuntary petition in the language of the act, without setting forth any other facts or circumstances, are insufficient.

3. SAME—CONCEALMENT OF ASSETS.

An involuntary bankruptcy petition, alleging that the alleged bankrupts within four months next preceding the filing of the petition committed an act of bankruptcy, in that within certain dates they removed, transferred, and concealed a large portion of their property, consisting

of pieces of woolen goods, silks, linens, etc., from their place of business, with the intent to hinder, delay, and defraud creditors, and that petitioners are informed and believe that the goods removed, transferred, and concealed were of the value of at least $10,000, and that petitioners have been unable to ascertain to what place the goods have been removed, was not demurrable on the ground that it stated merely conclusions, and not facts constituting an act of bankruptcy.

In Bankruptcy. Demurrer to petition.

Reber & Downs, for petitioners.

Henry N. Wessel, for alleged bankrupts.

HOLLAND, District Judge. This is a demurrer to the petition, the second reason of which alleges that it does not set forth when the money which is alleged is owing to the several creditors became due, nor the amount of securities held by the petitioners, nor the manner in which the value of the securities is fixed, nor does it set forth when the goods were sold. The petition in this respect conforms to the language prescribed by the Supreme Court under general order 37 (18 Sup. Ct. x). It is stated that the claims are for "goods sold and delivered," and that "Hark Bros. purchased the same within one year from this date," to wit, the 21st day of October, 1904, the date of the execution of the petition. It is not necessary to state when the several amounts became due, as it is alleged they have "provable claims"; nor is there anything to require them to state the amount of the securities held, nor the manner in which the value of the securities is fixed. This objection is overruled.

It is further objected that the act of bankruptcy set forth is defective, informal, and insufficient, in that the petition does not aver any facts showing any act of bankruptcy, but merely states legal conclusions, using the phraseology as set forth in the act of Congress. The manner of setting forth the specifications of acts of bankruptcy in involuntary petitions, and specifications filed against the discharge of bankrupts, are very fertile sources of contention as to the sufficiency of these specifications, and a definition of "sufficiency" cannot be framed as a certain guide to be followed in all cases. There is one rule, however, followed by all the courts—that allegations of acts of bankruptcy in a petition in the language of the act, without setting forth any other facts or circumstances, are insufficient. An act of bankruptcy specified in section 3 (Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]) must be set forth in a petition showing that the bankrupt committed an act of bankruptcy, as defined in that section, in language to state a triable issue, and to give notice to the alleged bankrupt as to what he will be expected to meet; but, as has been said by Judge McPherson, of this district, in Milgraum & Ost (D. C.) 129 Fed. 827, "to compel nicety of pleading in specifications of objections to a discharge is more likely to lead to the escape of dishonest men from their liabilities, than to protect honest debtors from the spiteful attack of disappointed creditors." This was said in a decision sustaining specifications against the discharge of a bankrupt, wherein the specifications set forth that the bankrupt, "within four months

of filing the petition, * * * transferred, removed, destroyed, or concealed, or permitted it to be removed, destroyed, or concealed, their property, with intent to hinder, delay, and defraud their creditors, in this: that said bankrupts did on or about December 1, 1903, or about one week prior to the filing of the petition against them, and at other times, remove and conceal large quantities of merchandise to the house of Leon Wiesen, No. 529 North Sixth street, in the city of Philadelphia, with the intent to hinder, delay, and defraud their creditors; and in this: that said bankrupts did further, on the 19th day of November, 1903, and at other times, remove and conceal, or permit to be removed and concealed, large quantities of merchandise, consisting of toys, notions, and pens, from their place of business, at 303 Market street, Philadelphia, with the intent to hinder, delay, and defraud their creditors." In addition to the language of the act, there are facts and circumstances set forth here to notify the bankrupt what he is expected to meet, how the property was transferred, the person to whom it was transferred, and the place wherein it was concealed, designating the merchandise as "consisting of toys, notions, and pens," and the place from which it was taken is also given. The specifications objected to in this case are as follows:

"And your petitioners further represent that the said Benjamin W. Hark and Harry A. Hark, individually and trading as Hark Brothers, are insolvent, and that within four months next preceding the date of this petition the said Benjamin W. Hark and Harry A. Hark, individually and trading as Hark Bros., committed an act of bankruptcy, in that they heretofore, to wit, between the 10th day of October, A. D. 1904, and the 15th day of October, 1904, and at other times, removed, transferred, and concealed a large portion of their property, consisting of pieces of woolen goods, silks, linens, etc., from their place of business, at 821 Cherry street, Philadelphia, with intent to hinder, delay, and defraud their creditors. Your petitioners are informed and believe that said goods removed, transferred, and concealed are to the value of at least $10,000, and your petitioners have been unable to ascertain to what place said goods have been removed."

It will be noticed that the facts set forth here to show a transfer with intent to hinder, delay, and defraud creditors are that between the 10th of October and the 15th of October, 1904, they removed, transferred, and "concealed" large portions of property, consisting of pieces of woolen goods, silk, linens, etc., from their place of business, at 821 Cherry street, Philadelphia. The specifications in Milgraum & Ost, supra, are the same as in this case, except that in the former the place to which the property was removed and "concealed" is named, and in the latter this fact is omitted, but it is stated that the petitioners have been unable to ascertain where the goods are concealed; but the allegation is made that goods of a specified kind "are concealed," to the amount of $10,000.

Exceptions to the petition dismissed.