In re LACKOW.

(District Court, E. D. Pennsylvania. September 19, 1905.)

No. 2,311.

BANKRUPTCY—INVOLUNTARY PETITION—ALLEGING ACTS OF BANKRUPTCY.

A petition in involuntary bankruptcy, which alleges as an act of bankruptcy preferential payments made by the bankrupt to certain creditors within four months and while insolvent, should set out the names of the creditors to whom such payments were made, if known; but, if the petitioners do not know their names, the petition is good, although it may only aver in general terms that the payments were made, adding a sufficient reason why a more specific allegation is not possible.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 118.]

In Bankruptcy. On report of special referee on demurrer to petition.

The following is the report of Joseph Mellors, special referee in re petition of Sigmund Heilbron and Michael Loeb, trading as Heilbron & Loeb, of the city and county of Philadephia, state of Pennsylvania, Emanuel Horn, of the same place, and Gustavus Schamberg and Henry

Schamberg, trading as G. Schamberg & Co., of the same place, praying that the said Julius Lackow be adjudged a bankrupt:

To the Honorable John B. McPherson and James B. Holland, Judges of the Said Court.

The undersigned, to whom was referred by your honorable court as special referee the above-named petition for adjudication of bankruptcy, and the demurrer thereto, to determine and report to your honorable court whether or not the said demurrer shall be sustained or dismissed, or the said petition be amended, respectfully reports:

That the said petition sets forth in substance that the said Julius Lackow is a citizen of Philadelphia, and for six months preceding the filing of the above-named petition had his principal office at 2215 North Fifteenth street, and owes debts $1,000 in amount.

That the petitioners are creditors of said Lackow and have provable claims aggregating over $500 in excess of securities held by them.

That the claim of Heilbron & Loeb is for $6,372.99 for cattle sold and delivered to the alleged bankrupt at Philadelphia in July, 1905.

That the claim of Emanuel Horn is for the sum of $1,195.38, cattle sold and delivered to said alleged bankrupt at Philadelphia during the month of July, 1905.

That the claim of G. Schamberg & Co. is for $3,802, for cattle sold and delivered to the said alleged bankrupt during the month of July, 1905.

That the said Julius Lackow is insolvent, and that within four months next, preceding the date of the filing of said petition, he committed an act of bankruptcy, that is, he, on the 21st day of July, 1905, while insolvent, paid money to one or more of his creditors with intent to prefer such creditors over his other creditors.

To this petition the alleged bankrupt filed a demurrer and assigned as causes of demurrer:

First. That the petition does not aver that the bankrupt is not one of the persons excepted from the operation of the bankrupt act, and the amendment thereto.

Second. That the petition does not set forth the value of the securities, if any, held by the petitioning creditors, nor the nature nor amount thereof.

Third. That the petition does not aver any facts showing an act of bankruptcy.

In the opinion of the referee the first ground of demurrer is not well founded.

Section 4b of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423].) provides that "any natural person, except a wage earner, or a person engaged chiefly in farming or the tillage of the soil, * * * owing debts to the amount of one thousand dollars or over, may be adjudged an involuntary bankrupt."

The petition in this cause is made in the general form prescribed by the rules of the Supreme Court.

In Re Pilger, 9 Am. Bankr. Rep. 245, 118 Fed. 206, the court said: "Whether a petition is defective which is made in the general form prescribed by the Supreme Court rules, and does not negative these exceptions (of the act) has not been directly decided by any case brought to its attention. However, in the cause of In re Brett, 12 Am. Bankr. Rep. 494, 130 Fed. 981, the court said that the petition must contain allegations which fairly negative the exception of the bankruptcy act concerning wage earners and farmers. That the form in which the exception should be negatived is immaterial. It may be done in the express language of negative or in affirmative language, which shows that the alleged bankrupt is neither a wage earner nor a person chiefly engaged in farming or in the tillage of the soil."

The allegations of the petition in the case at bar negative the exception that the alleged bankrupt is a wage earner or that he is a person chiefly engaged in farming or the tillage of the soil. It alleges that the alleged bankrupt, at the time of the filing of said petition, had his principal place of business at 2215 North Fifteenth street, in the city and county of Philadelphia, and that the debts due by him to the petitioning creditors are for cattle sold and de-

livered to him at Philadelphia. That in a petition for a receiver, which was granted by the referee with the consent of one of the counsel for the bankrupt, sets forth that the business of the said alleged bankrupt was the sale of meats.

It is unnecessary, however, to elaborate this point further inasmuch as the counsel for the alleged bankrupt informed the referee that he did not intend to press the first cause of demurrer.

The second grounds for demurrer are that "the petition does not set forth the value of the securities, if any, held by the petitioning creditors, nor the nature nor amount thereof."

In the opinion of the referee, the second grounds of demurrer are also not well founded.

The petitioners do not allege that they have any security at all. The averments of the petitioners are that they have "provable claims amounting in the aggregate, in excess of securities held by them, to the sum of $500." This is in the form prescribed by the Supreme Court rules, and is sufficient.

The third grounds of demurrer are likewise not well founded. They are as follows: "The petition does not aver any facts showing an act of bankruptcy." This is not so. The averments of the petition are:

"And your petitioners further represent that the said Julius Lackow is insolvent, and that within four months next preceding the date of this petition the said Julius Lackow committed an act of bankruptcy in that he did, heretofore, to wit—on or about the 21st day of July, 1905, while insolvent, transfer property consisting of money, to one or more of his creditors, with intent to prefer such creditors over his other creditors; and did, on or about the 24th day of July, 1905, while insolvent, transfer and pay to one or more of his creditors the sum of twenty-two hundred dollars ($2,200) with intent to prefer such creditors over his other creditors.

"That your petitioners are unable to state the names of the creditors to whom the alleged bankrupt made the payments above set forth, for the reason that the alleged bankrupt refused to tell your petitioners to whom the payments were made, but stated to your petitioners that such payments had been made at the times and in the amounts above set forth, and at the same time admitted that at the time the payments were made that he was insolvent."

Under the rulings of the courts these allegations seem to be sufficient. In re Rex Buggy Co. v. Hearick, 12 Am. Bankr. Rep. 726, 132 Fed. 310, 65 C. C. A. 676, Hook, Circuit Judge, said: "If a merchant is hopelessly insolvent during the four months preceding the filing of a petition in involuntary bankruptcy against him, and with knowledge of such condition of insolvency pays to certain of his creditors substantial sums of money in full satisfaction of their claims, and denies payment to others whose claims are due and equally entitled to payments, he has committed an act of bankruptcy within the meaning of section 3, subd. a, cl. 2, Bankr. Act, July 1, 1898, 30 Stat. 546, c. 541 [U. S. Comp. St. 1901, p. 3422]. His payments under such circumstances inevitably result in giving the creditors so favored a preference over the others. The debtor is presumed to intend the necessary results of his own intelligent acts. This doctrine is abundantly supported by authority."

In the opinion of the referee the demurrer should be overruled, and an order made adjudicating the said Julius Lackow a bankrupt.

All of which is respectfully submitted.

[Signed]                                    Joseph Mellors, Special Referee.
Philadelphia, August 21, 1905.

To the Honorable the Judges of the Said Court:

In the opinion of the referee there is nothing in the exceptions filed to the foregoing report to cause him to alter the same. The petitioners, however, filed with the referee the annexed petition asking leave to amend their petition in bankruptcy as therein set forth, which the referee recommends be granted.

The referee further reports that judging from the whole record in this case, the exceptions filed are intended for delay, and recommends that the court enter a decree adjudicating Julius Lackow a bankrupt.

[Signed]                                 Joseph Mellors, Referee in Bankruptcy.
Philadelphia, Sept. 11, 1905.

The following are the exceptions to the report of the special referee:

And now, to wit, August 24, 1905, comes the alleged bankrupt and excepts to the report of the special referee in the above cause, and assigns the following reasons:

(1) The learned special referee erred in finding that "the allegations of the petition in the case at bar negative the exception that the alleged bankrupt is a wage earner, or that he is a person chiefly engaged in farming or the tillage of the soil."

(2) The learned special referee erred in holding that "the second grounds of demurrer are also not well founded."

(3) The learned special referee erred in deciding that the allegations in the creditors' petition averred sufficient facts showing an act of bankruptcy.

(4) The learned special referee erred in deciding that "the demurrer should be overruled and an order made adjudicating the said Julius Lackow a bankrupt."

[Signed]                              H. N. Wessel, Atty, for Alleged Bankrupt.

Hepburn, Carr & Krauss, for petitioners.
Henry N. Wessel, for alleged bankrupt.

J. B. McPHERSON, District Judge.   The first ground of demurrer does not need consideration.   The alleged defect therein specified has been removed by the motion to amend, which is now allowed.   The second ground was not pressed upon the argument before the court, and the third is not well taken.   The time of making the preferential payment and its amount are both specified, and the failure to state the names of the creditors is sufficiently accounted for.   If their names had been known, it would have been necessary to set them forth; but I do not think that the bankrupt law intended to require from petitioning creditors the attempt to perform impossibilities.   If they do not know the names of preferred creditors, and cannot learn them by proper inquiry and investigation, the petition is good, in my opinion, although it may only aver in general terms that the payment has been made, adding the reason why a more specific allegation is not possible.

The report of the special referee is approved, and the clerk is ordered to enter a decree of adjudication.