## CONWAY et al. v. GERMAN et al.

### (Circuit Court of Appeals, Fourth District. November 5, 1908.)

### No. 815.

1. BANKRUPTCY (§ 84*)—INVOLUNTARY PROCEEDINGS—AMENDMENT OF PETITION.

The failure of a petition in involuntary bankruptcy to allege that the defendant is not a wage-earner nor a person engaged chiefly in farming or the tillage of the soil is not jurisdictional, and the petitioners should be permitted to supply the omission by amendment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 128; Dec. Dig. § 84.*]

2. BANKRUPTCY (§ 84*)—INVOLUNTARY PROCEEDINGS—AMENDMENT OF PETITION.

A petition in involuntary bankruptcy may be amended to describe more fully and in detail the claims of the petitioners, if deemed insufficient in that respect.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 128; Dec. Dig. § 84.*]

3. BANKRUPTCY (§ 81*)—AVERMENTS OF BANKRUPTCY—SUFFICIENCY.

An averment that, "while insolvent, the debtors transferred portions of their property to one or more of their creditors, with intent to prefer such creditors over their other creditors," held insufficient, because of the failure to specifically state the particulars of such transfer, by describing the property transferred, and when and to whom the same was made.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 81.*]

4. BANKRUPTCY (§ 81*) — AVERMENT OF ADMISSION OF BANKRUPTCY — SUFFICIENCY.

An averment that "the debtor admitted his inability to pay his debts" held insufficient as an act of bankruptcy, under Bankr. Act July 1, 1898, c. 541, § 3, subsec. 5, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422); it being necessary under said section that the admission of inability to pay should be in writing, together with a written acknowledgment of willingness to be adjudged bankrupt on that ground.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 81.*]

Appeal from the District Court of the United States for the District of Maryland, in Bankruptcy.

Hyland P. Stewart (Edward L. Ward, on the brief), for appellants.

Robert F. Stanton (Vernon Cook and William Penrose, on the brief), for appellees.

Before PRITCHARD, Circuit Judge, and WADDILL and BOYD, District Judges.

WADDILL, District Judge. This is an appeal from two decrees of the United States District Court for the District of Maryland, entered on the 25th day of January, 1908, denying to the appellants the right to amend their petition in bankruptcy filed by them against the appellee, and dismissing said petition. The appellants, claiming to be creditors of German & Co., alleged bankrupts, filed their petition on the 20th of July, 1907, praying that said firm, and the individual members thereof, be declared involuntary bankrupts. After making, in the first and second paragraphs of the petition, the usual aver-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ments as to the domicile and principal place of business of the company for six months next preceding the date of the filing of the same, the existence of an indebtedness exceeding $1,000, and that said petitioners respectively held provable claims in the aggregate of over $500, the third and fourth paragraphs of the petition were as follows:

"(3) That the amount of your petitioner's claims are as follows: William A. Conway, protested promissory note of the firm of $502.21, with interest from March 14, 1907; J. Richard Standiford and William J. Flannery, receivers of A. C. Courtney Electrical Company, Incorporated, open account, aggregating $311.25, with interest from December 19, 1906; Henry Turk, assignee, open account aggregating $136.50—all of the above claims being for goods, wares, and merchandise sold and delivered, or services performed or money loaned, to the said firm of German & Co.

"(4) Your petitioners further represent that the said L. Irving German and George H. Geiger, trading as German & Co., are insolvent, and that within four months next preceding the date of this petition they committed acts of bankruptcy, to wit:

"First. That they conveyed, transferred, removed, and concealed, or permitted to be transferred or removed, a part of their property with intent to hinder, delay, and defraud their creditors, or some of them, especially by two alleged deeds purporting to be dated the 16th day of February, 1907, the first from George H. Geiger to the Roland Land Company of Baltimore City, an alleged body corporate, conveying 15 lots of ground in the city of Baltimore, and the second from the same grantor to the same grantee conveying 5 lots of ground in the city of Baltimore; the first deed being recorded among the land records of Baltimore city in Liber R. O. #2318, folio 226, etc., and the second in Liber R. O. 2318, folio 203, etc., neither of the same being recorded, however, until the 22d day of March, 1907. On the 16th day of February, when the said deeds were dated, there was no such body corporate in existence as the 'Roland Land Company' of Baltimore City, the said Roland Land Company not having incorporated until the 13th day of March, 1907, as will appear from its certificate, recorded among the charter records of Baltimore city in Liber #46, folio 574, etc., and by a further transfer from the said George H. Geiger to a person unknown, of a house on Park Heights avenue occupied by L. Irving German, which was conveyed without consideration for the benefit of L. Irving German, and which deed the said L. Irving German held in his possession for a considerable time, but which has not yet been recorded; all of said property being the property of the firm of German & Co.

"Second. That, while insolvent, they transferred portions of their property to one or more of their creditors with intent to prefer such creditors over their other creditors.

"Third. That they have admitted their inability to pay their debts."

The defendant appeared, and by motion raised the question of the proper signing and verification of the petition, and by its first ground of demurrer presented the same question, and also filed five other grounds of demurrer, as follows:

"Second. That the said petition does not allege that this defendant is not a wage-earner, or person engaged chiefly in farming or the tillage of the soil.

"Third. That the petition does not allege that. the copartnership of L. Irving German and George H. Geiger, copartners trading as German & Co., was and is insolvent at the time of the commission of the alleged act of bankruptcy, and the filing of the petition in this cause respectively.

"Fourth. That the said petition does not allege that the individual members of the copartnership of German & Co. were and are insolvent at the time of the commission of the alleged act of bankruptcy and the filing of the petition in this cause respectively.

"Fifth. That the prayer of the petition is for the adjudication as bankrupts of L. Irving German and George H. Geiger as individuals, and the said

petition does not allege any act of bankruptcy sufficient to entitle the petitioners to the relief for which they pray.

"Sixth. That the said petition is insufficient in its allegations, and for other reasons to be shown at the hearing."

The court subsequently allowed two other creditors to file their petitions, and admitted them as parties plaintiff, namely, Louis E. Melis, claiming to hold as assignee of John W. H. Geiger, against L. Irving German individually, a claim for $7,052.40, with interest; and the same Louis E. Melis, as assignee of said John W. H. Geiger, as against the firm, a claim of $1,614.98, with interest. And the court also permitted the petition to be amended by allowing the individual signature of one of the petitioners to the same, and the correction of the verification thereof. Upon considering the demurrer, the court entered the following order:

"It is thereupon this 6th day of December, 1907, adjudged and ordered by the United States District Court for the District of Maryland, in bankruptcy, that the demurrer is sustained as to the second and sixth grounds of the demurrer: and it is further ordered that, under the sixth ground of demurrer, the petition is insufficient as to the second and third acts of bankruptcy set forth in subparagraphs 2 and 3 of the fourth paragraph of the petition in bankruptcy, and also in that the said petition does not fully set forth the nature and amounts of the claims of the petitioners, except as to William A. Conway—as to all other matters complained of, the demurrer is overruled."

The appellants thereupon filed an application for leave to amend their petition by making the averment that none of the defendants were wage-earners, or persons engaged chiefly in farming or the tillage of the soil; that they be allowed to file statements of their accounts, and to strike from their said petition the second and third subsections of paragraph 4. Upon this application to amend, a rule was awarded to show cause why the same should not be allowed, and the defendants appeared and filed an answer in which they denied the validity of the original petition, as well as the right to amend the same. This answer, as viewed by the court, in effect raises but four questions: First, that the original petition as framed, and because not filed in duplicate, did not confer jurisdiction upon the court; second, it disputed especially the debts of two of the original petitioners, and those of two intervening petitioners; third, denied that there was any fraud in making the deeds charged as grounds of bankruptcy in the original petition, or that the petitioning creditors had any interest therein, averring that they were not creditors at the time; and fourth, that the proceedings were not inaugurated in good faith, but collusively, with a view of securing an adjudication in bankruptcy. The court thereupon, upon the application to amend, and the answer aforesaid, refused to allow the amendment as prayed for, and, by another order on the same day, recited that the demurrer to the original petition having been theretofore in part sustained, dismissed the original petition; from which two orders this appeal was taken.

The action of the lower court in sustaining the second ground of demurrer, and also in holding that the second and third sections of paragraph 4 of the original petition were insufficient, is free from error. Technically, the petition should have contained averments that the defendants were not of the inhibited class against whom involun-

tary bankruptcy proceedings could be maintained. The second and third paragraphs of section 4 of the petition were clearly insufficient, the first because too general, in that it did not state of what, or to whom, the alleged transfer was made, with intent to give preference to one creditor over another; and the second, that they had admitted their inability to pay their debts, if intended to show the defendants' admission of such facts, and the willingness to be adjudicated bankrupts, should have averred that such acknowledgment, as well of inability to pay, as of willingness to be adjudicated bankrupts, was made in writing. Bankr. Act July 1, 1898, c. 541, § 3, subsec. 5, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422).

In our judgment, the lower court erred in not allowing the amendment prayed for by appellants, with respect to the points now under consideration. Clearly, petitioners should have been allowed to strike out the two sections of their petition referred to, if such action was deemer proper after the demurrer thereto was sustained; and it would not affect the petition if it otherwise contained proper averments, giving to the court jurisdiction to adjudicate the defendants bankrupts. Sustaining the demurrer as to these two sections of paragraph 4 would not have caused the petition to be dismissed if otherwise sufficient, nor would the appellants have failed in their case, either because they did not sustain the particular averments by proof, or had been allowed to strike them out. The amendment showing that the defendants did not belong to the class subject to be adjudged involuntary bankrupts, in that they were neither wage-earners, nor persons engaged chiefly in farming or the tillage of the soil, should have been allowed. Such an averment, so far as this case is concerned, is a mere negative one, and not of a jurisdictional character. There is no contention made here by the defendants that they belong to the inhibited class, and hence cannot be adjudicated bankrupts, and as a matter of fact they do not belong to that class. Were they seeking to come within the inhibited class, it would be essential for them to make proof of their averment, but they are not, and while, technically speaking, it should have been stated in the petition that they were not persons coming within that class, still it was not essential so to do, and in no sense affected the merits of the case, and the amendments desired should have been permitted. Beach v. Macon Grocery Co., 120 Fed. 736, 57 C. C. A. 150; In re Brett (D. C.) 130 Fed. 981; In re Plymouth Cordage Co., 135 Fed. 1000, 1002, 68 C. C. A. 434.

In passing upon the demurrer, the court further said:

"And also in that the said petition does not fully set forth the nature and the amounts of the claims of the petitioners, except as to William A. Conway; as to all other matters, the demurrer is overruled."

If by this language of the lower court it was meant to say that the statement of the amount and nature of the petitioners' claims as set forth in the petition was insufficient, we are inclined to disagree with the court, as the claims seem to be so stated as to give the defendants a full and clear understanding of what the debts are, and are in substantial conformity with the form prescribed by the Supreme Court of the United States for use of creditors filing involuntary bank-

ruptcy petitions. Bankruptcy Rules of the Supreme Court, Form No. 3 (18 Sup. Ct. xix). If insufficient, however, the defect could have been remedied by filing an itemized or fuller statement of the petitioners' claim, which is in effect what was asked in the second paragraph of the application to amend, which we think also should have been allowed. In re White (D. C.) 135 Fed. 199. The answer to this application to amend sets up matter not germane to the proposed amendment, and consists rather of an amplification of and an addition to the original answer in the cause, going into questions of fact; denying generally the indebtedness due petitioners, the right to file a petition at all, and assailing their good faith in what was done. Assuming this answer should have been filed, and that the defense sought to be interposed by this and the original answer should have been made in other than the way contemplated by form No. 6 of the Bankruptcy Rules (18 Sup. Ct. xxi), the court clearly could not give consideration to such matters upon a demurrer, or an application to amend the petition in formal matters, made necessary by the court's ruling upon the demurrer to the original petition. Most, if not all, of the questions arising upon the original answer, as well as upon the answer to the application to amend, were dependent upon the facts in the case, and could not be disposed of in this way, and hence the court erred as well in this respect as in its refusal to allow the petition to be amended as asked, and in dismissing the original petition.

For these reasons, the decrees of the lower court appealed from will be reversed at the cost of the appellees.

Reversed.