In re STONE.

(District Court, E. D. Pennsylvania. July 3, 1913.)

No. 4,854.

1. BANKRUPTCY (§ 81*)—INVOLUNTARY PETITION—SUFFICIENCY.

General allegations, in a petition in involuntary bankruptcy, that defendant committed acts of bankruptcy by transferring property with intent to prefer creditors, or concealed property with intent to defraud creditors, without setting out any facts from which such intent may be inferred, are not sufficiently specific.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 59, 113–118, 125; Dec. Dig. § 81.*]

2. BANKRUPTCY (§ 81*)—INVOLUNTARY PETITION—SUFFICIENCY.

A petition in involuntary bankruptcy is insufficient where the acts of bankruptcy charged consist of the giving of an unlawful preference and the transfer and concealment of property with intent to defraud creditors, where it does not show that at the time of the alleged preference there was more than one creditor, nor that the debts to the petitioners had been created at the time of the alleged fraudulent transfer and concealment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 59, 113–118, 125; Dec. Dig. § 81.*]

In the matter of Jacob Stone, trading as J. Stone & Company, alleged bankrupt. On motion to expunge petition. Motion sustained.

Alfred Aarons and Bernard Harris, both of Philadelphia, Pa., for alleged bankrupt.

Harry S. Mesirov, and Frederick S. Drake, both of Philadelphia, Pa., for petitioners.

THOMPSON, District Judge. The present application by the alleged bankrupt is based upon the ground that the petition shows upon its face that it is filed by but one petitioning creditor, to wit, the York Manufacturing Company, and contains no allegations that the creditors are less than 12 in number as required by section 59b of the Bankruptcy Act. The creditors joining in the petition are the York Manufacturing Company, Paul Gilbert, and Harry Bromberg. The petition sets out that the petitioners are creditors having provable claims in excess of $500. It is alleged that the claim of the York Manufacturing Company is for goods sold and delivered by that company on or about the 2d day of April, 1913, to the alleged bankrupt at the agreed price and value of $411.72; that the claim of Gilbert is for goods sold and delivered on the 9th and 14th days of May, 1913, by the York Manufacturing Company to the alleged bankrupt at the agreed price and value of $219.42, which claim the York Manufacturing Company thereafter and before the filing of the petition for value assigned to Gilbert; that the claim of the petitioner Bromberg is for goods sold and delivered on May 17, 1913, by the York Manufacturing Company to the alleged bankrupt at the agreed price and value of $258.30, which claim the York Manufacturing Company thereafter and before the filing of the petition for value assigned to Bromberg.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The acts of bankruptcy alleged are: (1) That at various times in the months of May and June, 1913, Stone, while insolvent, transferred property belonging to him consisting of cash to certain of his creditors whose names are now unknown to the petitioners in excess of $5,000 with intent to prefer said creditors over other creditors of the said Stone of the same class; and (2) that, within four months preceding the filing of the petition, Stone transferred and concealed certain of his property consisting of quantities of merchandise located at his place of business at No. 415 Market street, Philadelphia, with intent to hinder, delay, and defraud his creditors. While the petition to expunge does not raise objections to the allegations of the act of bankruptcy, objections were urged by counsel at the argument, and it is apparent that the petition in bankruptcy is not sufficiently specific as to the alleged acts of bankruptcy to conform to the rulings of this and other courts. In re Cliffe (D. C.) 94 Fed. 354; In re White (D. C.) 135 Fed. 199; In re Hark et al. (D. C.) 135 Fed. 603; In re Pressed Steel Co. (D. C.) 27 Am. Bankr. Rep. 44, 193 Fed. 811; Conway v. German, 166 Fed. 67, 91 C. C. A. 653; In re Nelson (D. C.) 98 Fed. 76; In re Blumberg (D. C.) 133 Fed. 845; In re Lackow (D. C.) 140 Fed. 573.

[2] The objection that it is apparent on the face of the petition in bankruptcy that there is but one petitioning creditor is based upon the allegations that Gilbert and Bromberg hold their claims by assignments for value from the York Manufacturing Company. If the allegations as to acts of bankruptcy were sufficiently definite and specific to establish that the acts of bankruptcy were committed after the creation of the indebtedness upon which Gilbert and Bromberg claim by assignment, I think the objection would not avail, as there is nothing upon the record to show that the claims derived from the York Manufacturing Company were split up for the mere purpose of enabling the alleged creditors to become petitioners. The dates of the assignments to Gilbert and Bromberg are not set out, but, assuming that the status of Gilbert and Bromberg as creditors relates back to the dates of the creation of the debts, we have the date of the Gilbert claim as of May 9 and 14, 1913, and that of the Bromberg claim as of May 17, 1913. From all that appears in the petition the acts of bankruptcy may have antedated those dates. The weight of the authorities is in support of the doctrine stated by Collier (9th Ed.) on page 767, that:

"A creditor who was not such at the time of the commission of an alleged act of bankruptcy cannot petition his debtor into bankruptcy. This appears to be not only the conclusion of the courts upon well-considered cases, but a reasonable construction. It is unquestionably based upon the well-established principle that creditors cannot complain of a conveyance by the debtor made prior to the time they became creditors, unless such conveyance was made with the direct purpose of defeating their claim"—citing In re Callison (D. C.) 130 Fed. 987, affirmed sub nom. Brake v. Callison, 129 Fed. 201, 63 C. C. A. 359; In re Brinckman (D. C.) 103 Fed. 65; Beers v. Hanlin (D. C.) 99 Fed. 695; In re Muller, Fed. Cas. No. 9,912; In re Burke, Fed. Cas. No. 2,156.

In the case of Lewis F. Perry & Whitney Co., decided in the district of Massachusetts, reported in 172 Fed. 745, Judge Dodge, while

not expressly disapproving of the doctrine, held that it did not apply to a case where the indebtedness, under which the petitioning creditor claimed by assignment, arose prior to the act of bankruptcy.

In the case of In re Hanyan, decided in the Southern district of New York, 180 Fed. 498, Judge Holt held that there is nothing in section 59b or any other provision of the Bankruptcy Act requiring that a petitioning creditor should have been a creditor at the time of the act of bankruptcy. In Judge Holt's opinion, after referring to the cases holding the doctrine from which he dissents, he says:

> In each of these cases it appears that there was but one creditor at the time the alleged fraudulent conveyance or preference took place. Under such circumstances, of course, there could be no fraudulent intent or intent to prefer, and the cases might all have been properly decided on that ground."

Whatever may be the grounds in those cases for not following Brake v. Callison, I am inclined to agree with the reasoning in that case, which seems to be supported by the decision of the Supreme Court upon a bill to set aside an alleged fraudulent conveyance in Horbach v. Hill, 112 U. S. 144, 5 Sup. Ct. 81, 28 L. Ed. 670.

So far as appears by the allegations of the petition in this case excepting from inferences to be drawn from the use of the word "creditors" in stating the acts of bankruptcy, the York Manufacturing Company was the only creditor of the alleged bankrupt prior to the alleged act of bankruptcy consisting of an unlawful preference. There is nothing to show that it was a creditor at the time of the alleged unlawful transfer and concealment of his property.

I am of the opinion, therefore, that the allegations in the petition are not sufficient in substance to meet the requirements of the act, and that the petition in bankruptcy should be expunged from the record. An order to that effect will be entered.